In re David Joseph GRETHEN aka Dave Grethen dba Farmer, Cheryl Ann Grethen, Debtors.

Bankruptcy No. 80–03269.

United States Bankruptcy Court, N. D. Iowa, C. D.

Sept. 28, 1981.

Alvin J. Ford, Sioux City, Iowa, for debtors.

Kieth Van Doren, Sioux City, Iowa, for Pocahontas Commercial State Bank.

## FINDINGS OF FACT, CONCLUSIONS OF LAW, AND ORDER DENYING MOTION FOR EXTENSION OF TIME, WITH MEMORANDUM

WILLIAM W. THINNES, Bankruptcy Judge.

The matter before the Court is a Motion for Extension of Time filed by Pocahontas Commercial State Bank. The Court, having examined the record and being fully advised, now makes the following Findings of Fact, Conclusions of Law, and Order:

### FINDINGS OF FACT

1. On September 2, 1980, David Joseph Grethen and Cheryl Ann Grethen, Debtors, filed a Joint Petition for Relief under Chapter 7 of the Bankruptcy Code.

2. The Debtors claimed as exempt farm machinery valued at approximately $56,000.

3. Pocahontas Commercial State Bank (hereinafter "Bank") is scheduled as a holder of a security interest on Debtors' farm machinery.

4. On September 10, 1980, a Notice of the First Meeting of Creditors was sent to all parties in interest, including the Bank.

5. A Section 341 Meeting of Creditors was held on September 23, 1980.

6. No objection to Debtors' claim of exemptions was filed within the 15-day period specified by Local Rule 4005.

7. On October 27, 1980, the Bank filed a Motion for Extension of Time wherein it

prayed that this Court permit the Bank to file a belated objection to Debtors' claim of exemptions.

8. Debtors filed a Resistance to Bank's Motion on October 30, 1980.

9. On October 27, 1980, Debtors, pursuant to 11 U.S.C. § 522(f), filed a Complaint to avoid the bank's lien on the property which was claimed exempt and on which the bank allegedly held a nonpossessory, nonpurchase money security interest.

10. On November 3, 1980, the Bank filed an Answer to Debtors' Complaint denying that all the property claimed exempt by Debtors was property actually exempt to Debtors under the provisions of § 627.6(17) of the Iowa Code (1979).

### CONCLUSIONS OF LAW

1. Local Rule 4005 requires that any objections to a debtor's claim of exemptions be filed no later than fifteen days after the conclusion of the Section 341 meeting of creditors.

2. The Bank's Motion seeks the enlargement of the time specified in Local Rule 4005.

3. Bankruptcy Rule 906(b) governs the granting by the Court of a Motion for the extension of such a specified time period.

4. Bankruptcy Rule 906(b)(1) applies only when the Motion for the Extension of Time is made prior to the expiration of the specified time period and does not apply to the present case because the Bank made its Motion after the expiration of the time period specified in Local Rule 4005.

5. Bankruptcy Rule 906(b)(2) applies when the Motion for Extension of Time is made after the expiration of the specified time period and thus applies to the present case.

6. Bankruptcy Rule 906(b)(2) permits the Court to grant an extension if "excusable neglect" is shown by the movant.

7. The Bank has failed to prove "excusable neglect" for its noncompliance with the time period specified in Local Rule 4005.

8. The Bank's Motion for Extension of Time to file objections to the exemptions claimed by the Debtors should, therefore, be denied.

### ORDER

IT IS THEREFORE ORDERED that the Motion of Pocahontas Commercial State Bank for an extension of time within which to file objections to Debtors' claim of exempt property is denied.

### MEMORANDUM

The Bank is seeking an extension of time for the filing of objections to Debtors' claim of exemptions. The controlling rules are Local Rule 4005[1] and Bankruptcy Rule 906(b)[2] which provide, in relevant parts:

#### Local Rule 4005

Any objection to debtor's claim of exemptions shall be filed no later than 15 days after the conclusion of the § 341 meeting of creditors.

#### Bankruptcy Rule 906

(b) *Enlargement.* When by these rules ... or by order of court an act is re-

---

1. Local Rule 4005 was promulgated by a joint Order of the Judges of the United States Bankruptcy Courts of the Northern and Southern Districts of Iowa on October 1, 1979, pursuant to Bankruptcy Rule 927 which vests power to make local rules in the district Bankruptcy Court instead of in the District Court.

2. Pursuant to 28 U.S.C. § 2075, the United States Supreme Court prescribed the Bankruptcy Rules to "govern the ... process, writs, pleadings, and motions, and the practice and procedures under the Bankruptcy Act." Bankruptcy Rules and Forms, 93 S.Ct. 3081 (1973).

Such Rules and Forms became effective on 10/1/73. *Id.* Bankruptcy Rule 906 was included in that Order. *Id.* at 3167.

The applicability of the Bankruptcy Rules under the Bankruptcy Code is governed by § 405(d) of Title IV of the Bankruptcy Code (codified at Note preceding 28 U.S.C. § 1471):

(d) The rules prescribed under Section 2075 of Title 28 of the United States Code and in effect on September 30, 1979, shall apply to cases under Title 11 to the extent not ... inconsistent with [the Bankruptcy Code] . . . .

quired ... to be done at or within a specified time, the court for cause shown may at any time in its discretion (1) with or without application or notice order the period enlarged if request therefor is made *before* the expiration of the period originally prescribed or ... (2) upon application made after the expiration of the specified period permit the act to be done where the failure to act was the result of *excusable neglect*; (emphasis supplied)

The record in the instant case reveals that, upon proper notice, a § 341 Meeting of Creditors was held on September 23, 1980. Pursuant to Local Rule 4005, any objection to Debtors' claim of exemption should have been filed on or before October 8, 1980 [3] unless a Motion for Extension of Time had been granted by this Court. Movant is thus precluded from objecting to Debtors' claimed exemptions unless the Court grants its present motion to extend time for the filing of objections.

Bankruptcy Rule 906(b)(1) permits the Court, for cause shown and in its discretion, to grant a motion to enlarge a time period specified by the Rules or by Order of Court [4] if such motion is made before the expiration of the period originally prescribed. The period prescribed by Local Rule 4005 for filing objections to Debtors' claim of exemptions is fifteen days after the conclusion of the § 341 Meeting of Creditors. In this case, the 15-day period expired on October 8, 1980. The Bank's Motion was not filed until October 27, 1980. The benefit of Bankruptcy Rule 906(b)(1), therefore, is not available to the Bank.

Another ground upon which a Motion for Extension of Time may be granted is found in Bankruptcy Rule 906(b)(2). That rule permits the Court, in its discretion and for cause shown, to grant a motion to enlarge a time period specified by the Rules or by Court Order when such motion is filed after the expiration of the period orginally prescribed if the movant demonstrates that failure to act was the result of "excusable neglect." [5]

At one time, the phrase "excusable neglect" in B.R. 906(b)(2) was interpreted loosely, and the granting of motions for the enlargement of specified time periods was commonplace. The current trend in the case law, however, is toward a strict interpretation of the phrase. In the case of *In re Manning*, 4 B.C.D. 304 (D.Conn.1978), for example, the court defined "excusable neglect" as a "failure to timely perform a duty due to circumstances [that] were beyond the reasonable control of the person" who was responsible for performing the duty. *Id.* at 305. *Cf. In re Faino*, 1 C.B. C.2d 762, 762 (S.D.Fla.1980) (creditor whose address was erroneously listed granted extension of time to file dischargeability complaint). In the judgment of this court, the *Manning* definition of excusable neglect is consistent with the purpose underlying B.R. 906(b)(2) [6] and will be applied in determining whether the present motion should be granted.

The facts underlying the present Motion are as follows: The notice of the § 341 meeting of creditors was mailed to Movant

---

3. See B.R. 906(a); Fed.R.Civ.Pro. 6(a).

4. *See generally* notes 1–2 *supra* and accompanying text.

5. There are certain Bankruptcy Rules, *e. g.*, Rule 802, which have a specified time period that cannot be extended by the Court under § 906(b)(2) even if "excusable neglect" is shown. For purposes of the present motion, these Rules are not implicated and are relevant only by analogy. *Compare* Rule 403(c) (the filing of objections to Trustee's Report on Debtor's Claim of Exemptions must be made within fifteen days after the filing of the report) *with* Local Rule 4005 (objections to debtor's claimed exemptions must be made within fifteen days

of the § 341 meeting of creditors). B.R. 403(c) is arguably rendered inoperative under § 405(d) of Title IV of the Bankruptcy Code (*See* note 2 *supra*) by 11 U.S.C. § 522(*l*), which abolishes the requirement of a Trustee's Report and substitutes the Debtor's Schedule of Exemptions in its place.

6. The definition works an accommodation between the need to strictly enforce the bankruptcy rules in order for the bankruptcy system to function smoothly and efficiently and the equitable desire not to penalize a party for failing to comply with a rule because of something beyond its control.

on September 10, 1980. The meeting was scheduled to take place on September 23, 1980. On September 22, 1980, the Movant secured counsel to represent it at the § 341 meeting of creditors. Counsel for Movant appeared at the § 341 meeting. Debtors' counsel of record, however, did not appear at the § 341 meeting, although another attorney appeared on behalf of the Debtors' attorney of record. On October 8, 1980, the fifteen-day period of Local Rule 4005 for the filing of objections to exemptions claimed by the Debtors expired. On October 27, 1980, the Debtors commenced, pursuant to 11 U.S.C. § 522(f)(2), an Adversary proceeding against Movant to avoid Movant's security interest in property previously claimed exempt by the Debtor. The Movant also filed its motion to extend time to file objections to the exemptions claimed by the Debtor on October 27, 1980.

■ The failure of the Movant to secure counsel until the day before the § 341 meeting of creditors and the consequent lack of knowledge or preparation for the § 341 meeting on the part of its counsel cannot constitute "excusable neglect" under the standard of *In re Manning, supra.* Even if it were assumed that Movant's earlier retention of counsel would have resulted in compliance with Local Rule 4005, there is nothing in the record to indicate that the late retention of counsel was beyond Movant's control. The Movant in the instant case received notice of the § 341 meeting of creditors on or very shortly after September 10, 1980. The Notice stated the purpose of the meeting and when it would be held. The § 341 meeting was held on September 23, 1980. The Movant, therefore, had ample time to secure counsel. The Movant has shown the Court no reason why its failure to do so other than the day before the § 341 meeting of creditors was due to circumstances beyond its control.

■ Also, counsel for Movant has failed to show how his lack of knowledge or preparation for the § 341 meeting of creditors placed compliance with Local Rule 4005 beyond his control. The notice of the § 341 meeting of creditors explicitly states that

creditors have fifteen days after the § 341 meeting to file objections to the exemptions claimed by the Debtor. Thus, counsel was put on notice and had sixteen days to determine the nature and extent of Movant's interest in objecting to the property claimed exempt by the Debtor. Sixteen days is more than enough time to make such a determination. The lack of preparation for the § 341 meeting cannot be considered the reason for counsel's failure to file an objection. To consider it as such would be to elevate the inefficient use of the remaining fifteen days to the level of "excusable neglect."

The failure of Debtors' attorney of record to be present at the § 341 meeting of creditors, while being beyond movant's control, also cannot be considered to be the cause of counsel's failure to timely file the objection. An attorney was at the meeting on behalf of the attorney of record. Arrangements could have been made through him to contact the attorney of record in order to resolve any questions concerning the status of Movant's claim. Counsel also had fifteen days to contact Debtors' attorney of record independently, without the necessity of going through the attorney who appeared on behalf of the attorney of record at the § 341 meeting of creditors. More importantly, the status of Movant's claim is irrelevant to the decision whether to object to the exemptions claimed by the Debtor. Even if the Movant's claim had been unsecured, the Movant still would have had an adequate incentive to object to Debtor's claimed exemptions. A successful challenge to the claimed exempt status of a Debtor's property only enhances the size and value of a bankruptcy estate and, consequently, the amount available to pay unsecured creditors. See e. g., 11 U.S.C. §§ 522, 541, and 726.

■ Movant's major argument is that until it was advised that the Debtor intended to file a complaint, pursuant to 11 U.S.C. § 522(f)(2), to avoid Movant's lien, which was after the fifteen days had run, Movant had no interest in objecting to Debtors' exemptions. The subsequent knowledge of

such an interest, the argument continues, should be sufficient grounds to justify the extension of time. A case in the Southern District of Iowa would support this contention. See *In the Matter of Hoffman*, Case No. 80–346–D, Adversary Pro. No. 80–0078, S.D. Iowa, 10–22–80, in which Judge Stageman states, without citation of authority, that "the time limitation is not intended to preclude a creditor from asserting an objection to debtor's claimed exemptions when the debtor has filed a complaint to avoid the security interest of the creditor." Judge Stageman did not approach the question within the context of B.R. 906(b)(2), and it is unclear whether Judge Stageman would have resolved the matter in the same manner if B.R. 906(b)(2) were being construed. Because the Court finds B.R. 906(b)(2) applicable to the present case, *In the Matter of Hoffman* is not controlling. The Court further finds that the Movant's subsequent knowledge of Debtors' proposed § 522(f)(2) Complaint is not a circumstance beyond Movant's control to justify the failure to timely file the objection and thus did not constitute "excusable neglect" under B.R. 906(b)(2).

Local Rule 4005 imposes a duty on the creditor to file whatever objections to exemptions it may have within fifteen days after the first meeting of creditors. As previously noted, the Notice of the § 341 meeting of creditors explicitly makes the creditor aware of that duty. Section 522(f)(2) is one of the most utilized sections under the Bankruptcy Code, and complaints under § 522 have become almost a matter of course in any Bankruptcy proceeding under Chapter 7. While the actual bringing of a § 522(f)(2) action to avoid creditor's lien was beyond creditor's control, the *foreseeability* of such an action was not. Any creditor who holds a security interest in debtor's property, especially in a case like the present one where the collateral is worth a great deal, must be concerned whether the debtor claimed such collateral

as exempt in his or her bankruptcy proceedings and must be prepared to act to object to the claimed exemption if the creditor believes the property is not actually exempt. Debtors' subsequent filing of a § 522(f) lien avoidance, therefore, cannot constitute "excusable neglect." Movant was under a duty to determine whether its collateral was being claimed as exempt and to act to protect it in light of a foreseeable § 522(f) complaint by challenging the collateral's exempt status. Movant's failure to timely perform that duty was not due to any circumstances beyond its control.

Reasons of policy support the conclusion that recent knowledge of a pending § 522(f) complaint cannot constitute "excusable neglect" under B.R. 906(b)(2). Finality should be had at some point in the determination of the status of property claimed as exempt. Also, if the Bankruptcy system is to function smoothly, procedures designed to facilitate the efficiency of the system must be strictly followed. By requiring creditors who have an interest in objecting to claimed exemptions to make their objections within fifteen days after the first meeting of creditors, the debtors and other parties in a bankruptcy proceeding are put on notice at an early time and can plan their own actions accordingly. Debtors, for example, may wish to avoid certain security interests pursuant to § 522(f)(2) of the Code.[7] Such avoidance, however, cannot be accomplished unless debtors and their attorneys know what property is exempt. Local Rule 4005 attempts to establish a cutoff point after which debtors and others can be certain of what objections have been made to the exemptions they have claimed. If creditors are allowed to wait until § 522(f) action is actually commenced before contesting the exempt status of the property, the benefit of the operation of Local Rule 4005 is undermined and even more delay is introduced into a presently overburdened bankruptcy system.

---

7. Similarly, debtors and other parties in interest (e. g., purchasers) may wish to sell or transfer some of the debtor's exempt property. Without an early final determination of the exempt status of the debtors' property, such sales and transfers are hindered and made more difficult to complete.

The bank's acquisition of knowledge, after the running of the period defined in Local Rule 4005, that the debtor intended to file a § 522(f)(2) lien avoidance complaint does not, therefore, constitute "excusable neglect" under Bankruptcy Rule 906(b)(2).

For the foregoing reasons, the Court finds the Motion for Extension of Time to File an Objection to Exemptions cannot be granted under B.R. 906(b)(2) and it is so Ordered.