In the Matter of John F. SCHMIDTHUBER, Jr., Debra J. Schmidthuber, Debtors.

John F. SCHMIDTHUBER, Jr., Debra J. Schmidthuber, Plaintiffs,

v.

Richard MYERS, Defendant.

Bankruptcy No. BK81–384.
Adv. No. A81–574.

United States Bankruptcy Court,
D. Nebraska.

Feb. 23, 1982.

**130**

James Hogan, Omaha, Neb., for debtors-plaintiffs.

Donald L. Swanson, Omaha, Neb., for trustee-defendant.

## MEMORANDUM

DAVID L. CRAWFORD, Bankruptcy Judge.

In this adversary proceeding, plaintiffs, as debtors in a Chapter 7 proceeding, filed a complaint to recover from the defendant, Trustee of their estates, an income tax refund held by defendant which is claimed by the plaintiffs as exempt.

On February 24, 1981, plaintiffs filed their voluntary petition under Chapter 7 which failed to disclose the income tax refund which is the subject of this adversary proceeding. In fact, on their statement of affairs, the plaintiffs at the question, "To what tax refunds (income or other), if any, are you or may you be, entitled?", the plaintiffs answered, "None." In fact, the plaintiffs had obtained prior to February 24, 1981, a tax return dated February 18, 1981, which disclosed their entitlement to a tax refund. On March 31, 1981, the trustee filed a report of property he intended to abandon and in that report abandoned all assets described in the plaintiffs' schedules "except any possible State or Federal tax refund." On June 29, 1981, the plaintiffs filed an amendment to Schedule B–4 which claimed the tax refund as exempt. That date is also the date that the debtors' discharge was filed of record. However, the last date for filing objections to discharge had previously been set by the court as May 26, 1981, and their discharge hearing was held June 8, 1981. Accordingly, the plaintiffs became entitled to their discharge on May 27, 1981.

The defendant/trustee admits in his testimony that he alleges no fraudulent conduct by the plaintiffs. Why the plaintiffs failed to list their income tax refund in the schedules is unclear from the evidence before me.

Bankruptcy Rule 110 which continues to be applicable to Bankruptcy Code cases provides that schedules or statements of affairs ". . . may be amended as a matter of course at any time before the case is closed." The policy of the Bankruptcy Code and, in fact, pre-Code law was to allow debtors exemptions to the fullest extent possible. Compare *In re Dudley*, 72 F.Supp. 943, aff'd. 166 F.2d 1023 (9th Cir. 1948) and 11 U.S.C. § 522(c), (g), and (h).

The trustee asserts that the issue is whether the amendment made by the plaintiffs to their bankruptcy schedules is "seasonably offered." See also 3 *Collier on Bankruptcy*, Para. 521.07 (15th ed. 1981).

It may be that an amendment to schedules to claim assets as exempt can be made too late and interfere with the administration of an estate. For example, if assets had been distributed to creditors prior to the exemption's claim being made, it may be that the exemption claim comes too late. However, that is not the case here. From the evidence before me, I cannot conclude that there has been any significant reliance by the trustee or any creditor in the failure to claim the income tax refund as exempt. Clearly, the evidence discloses no change of position by any party in interest on the failure to claim the exemption prior to the date it was claimed. Accordingly, I find the amendment to be seasonable under the facts of this case.

Given the apparent policy of the Bankruptcy Code to permit exemptions at any time that the case is open and to enable the debtors to benefit from whatever exemptions are available to them to the fullest extent, I conclude that the debtors should be entitled to claim the income tax refund now held in the custody of the trustee as exempt. A separate order is entered in accordance with the foregoing.