**In re Ray Ell WILLIAMS, Debtor.**

**Bankruptcy No. 380–02747.**

United States Bankruptcy Court, M.D. Tennessee.

Nov. 23, 1982.

C. Kinian Cosner, Jr., Nashville, Tenn., for debtor.

John C. McLemore, Nashville, Tenn., Trustee.

## MEMORANDUM

GEORGE C. PAINE, II, Bankruptcy Judge.

This matter is before the court on the debtor Ray Ell Williams' application to amend his bankruptcy schedules for the purpose of electing the federal rather than the state exemptions. The trustee has objected to the debtor's proposed amendment, essentially contending that the amendment was not timely filed. Upon consideration of the debtor's application and the trustee's objection, evidence presented at the hearing of this matter on June 9, 1982, stipulations and the entire record, the court concludes that the debtor's application to amend his bankruptcy schedules should be denied.

The following shall constitute findings of fact and conclusions of law pursuant to Rule 752 of the Federal Rules of Bankruptcy Procedure.

In November of 1978, the debtor was operating a business known as Williams Opticians in Ephrata, Pennsylvania. This business was later sold and the closing attorneys placed approximately $20,000.00 of the purchase price in escrow to pay any claims which might arise from the bulk sales notice given at the time of the sale.

The debtor thereafter filed a voluntary Chapter 7 petition in this court on September 12, 1980. At this time, $8,377.22 remained in the escrow fund located in Pennsylvania. In his Statement of Schedules and Affairs, the debtor listed this fund as an asset of his estate valued at $8,000.00 and claimed a $2,600.00 exemption in these monies in Schedule B–4.[1] John C. McLemore was appointed trustee in this case on September 19, 1980. A notice of no assets as provided for by Rule 203(b) of the Federal Rules of Bankruptcy Procedure was mailed to all scheduled creditors on October 9, 1980.[2] The debtor's meeting of creditors was held on October 27, 1980, and, at this meeting, the debtor was questioned several times about the status of the escrow fund. The debtor was granted a discharge on December 9, 1980.

The trustee subsequently attempted by various means, including numerous phone calls and letters to the attorneys holding the escrowed funds, to obtain the remaining money in the account. The trustee's efforts to procure a disbursement were substantially hindered by an ongoing divorce proceeding between the debtor and his former wife. Finally, on July 13, 1981, the trustee secured possession of these funds.

On December 31, 1981, approximately one year and three months after the inception of this Chapter 7 proceeding, the debtor filed an application to amend Schedule B–4 of his bankruptcy petition to claim the federal rather than the state exemptions and thereby increase his exemption in the recovered money from $2,600.00 to $7,500.00. The trustee objected to the debtor's amendment on January 28, 1982. On the same day, the trustee reported to the court that there appeared to be assets of the debtor's estate from which dividends could possibly be paid to unsecured creditors. The court

---

1. Although the debtor failed to check the appropriate box designating whether he elected the federal or state exemptions, the debtor did indicate under the column specifying the statute creating the exemption that he was claiming this property exempt pursuant to § 26–203 of the Tennessee Code (current version at Tenn.Code Ann. § 26–2–114). Section 26–203 essentially set forth the procedure by which a citizen of Tennessee exercised his exemption rights. Neither party disputes the validity of the debtor's exemptions as claimed in his original petition.

2. Fed.R.Bankr.P. 203(b) provides as follows:

"(b) *Notice of No Dividend.* If it appears from the schedules that there are no assets from which a dividend can be paid, the court may include in the notice of the first meeting a statement to that effect, that it is unnecessary to file claims, and that if sufficient assets become available for the payment of a dividend, the court will give further notice of the opportunity to file claims and the time allowed therefor."

accordingly sent an order and notice of assets to all creditors on February 6, 1982. At the hearing of this matter, the trustee asserted that the debtor's amendment was untimely filed and that the allowance of the amendment would prejudice both the trustee and unsecured creditors.

This case represents another chapter in the continuing saga of when a debtor may amend his schedules to alter his election of exemptions. In an opinion by Judge Hippe under the former Bankruptcy Act, this court held that pursuant to Bankruptcy Rule 110[3] a debtor could file an appropriate amendment with the court to claim property as exempt which was not claimed in the original schedules filed with the bankruptcy petition. Court approval of the amendment was not required if the amendment was filed prior to the case being closed. *Jones v. Burgess,* 1 B.R. 421, 426 (Bkrtcy.M.D. Tenn.1979). The debtor was nevertheless required to compensate the trustee for any actual prejudice resulting from the untimely amendment of his exemption schedules. *Jones v. Burgess,* 1 B.R. at 426. This approach has been followed by several courts in determining whether a debtor's amendment of exemption schedules should be permitted. *See, e.g., Doan v. Hudgins,* 672 F.2d 831, 833 (11th Cir.1982); *In re McQueen,* 21 B.R. 736, 737–738 (Bkrtcy.D. Vt.1982); *In re Vest,* 18 B.R. 241, 242 (Bkrtcy.D.N.M.1982); *Schmidthuber v. Myers,* 18 B.R. 129, 130 (Bkrtcy.D.Neb. 1982); *Finance Factors, Ltd. v. Folster,* 17 B.R. 171, 172 (Bkrtcy.D.Hawaii 1982).

This court, however, has recently held that the promulgation of the Bankruptcy Code in this district effectively rescinded

the standards enunciated in *Jones v. Burgess.* *In re Brewer,* 17 B.R. 186, 188 (Bkrtcy.M.D.Tenn.), *aff'd* 22 B.R. 983 (M.D. Tenn.1982). *See also McLemore v. Crawford,* Case No. 280–03774, Adv. No. 281–0228, slip op. at 3 (Bkrtcy.M.D.Tenn. February 25, 1982). The court's finding in *Brewer* was based upon a reading of both 11 U.S.C. § 522(*l*) and this court's order and notice which is regularly issued for each debtor's meeting of creditors. 11 U.S.C.A. § 522(*l*) (West 1979) provides:

"The debtor shall file a list of property that the debtor claims as exempt under subsection (b) of this section. If the debtor does not file such a list, a dependent of the debtor may file such a list, or may claim property as exempt from property of the estate on behalf of the debtor. *Unless a party in interest objects, the property claimed as exempt on such list is exempt.*" (emphasis added).

In accordance with the provisions of § 522(*l*), this court issues an order and notice for each debtor's meeting of creditors which states as follows:

"Unless the court extends the time, any objections to the claims of the debtor of exempt property must be filed no later than 15 days after the meeting of creditors."

This court found in *Brewer* that these provisions required the debtor to file any amendment to his exemption schedules within 15 days after the debtor's meeting of creditors, with the limited exception that an amendment to exempt newly discovered assets would be allowed without leave of court pursuant to Bankruptcy Rule 110.[4]

---

**3.** Fed.R.Bankr.P. 110 provides:

"A voluntary petition, schedule, or statement of affairs may be amended as a matter of course at any time before the case is closed. The court may, on application or motion of any party in interest or on its own initiative, order any voluntary petition, schedule or statement of affairs to be amended. Every amendment under this rule shall be filed in the same number as required of the original paper, and the court shall give notice of the amendment to such persons as it may designate."

**4.** The debtor asserts that, pursuant to Local Rule 15, his amendment to his exemption schedules became effective without court approval once a party in interest failed to object within 15 days after the filing of the amendment. Local Rule 15 provides as follows:

"Pursuant to Rule 110 of the Federal Rules of Bankruptcy Procedure which continues to be applicable to cases initiated under the Bankruptcy Reform Act of 1978, schedules may be amended as a matter of course at any time before a case is closed. Thus, a debtor may amend Schedule B–4 to claim additional property as exempt at any time before the

*In re Brewer,* 17 B.R. at 188–189. This time limitation is "necessary to insure the efficient and orderly administration of the estate." *In re Brewer,* 17 B.R. at 189. *See also Redmond v. Tuttle,* 16 B.R. 470, 472 (D.Kan.1981); *In the Matter of Eldridge,* 15 B.R. 594, 595 (Bkrtcy.S.D.N.Y.1981). Furthermore, both the bankruptcy trustee and creditors rely on the debtor's exemption selection in determining what course of action to pursue during the pendency of the bankruptcy case. The trustee especially depends on the finality of a debtor's exemption selection since, pursuant to 11 U.S.C. § 326, the trustee is not compensated for property he recovers which is ultimately distributed to the debtor. If the debtor is required to set forth his exemption elections by a date certain, then the trustee can pursue and collect non-exempt assets of the estate with the knowledge that he will not be deprived of his compensation for such efforts by the debtor's subsequently amending his exemption schedules to claim the recovered assets as exempt.

■ The 15 day time limitation stated in the order and notice issued for the debtor's meeting of creditors is not, however, absolute. The debtor in this case could make a motion to extend this time pursuant to Rule 906(b)(2) of the Federal Rules of Bankruptcy Procedure.[5] *In re Grethen,* 14 B.R. 221, 223 (Bkrtcy.N.D.Iowa 1981). *See also Ragsdale v. Genesco, Inc.,* 674 F.2d 277, 278 (4th Cir.1982); *Martine v. Cipa,* 11 B.R. 968, 970

---

case is closed without having to obtain leave of court. The debtor must serve a copy of the amendment on the trustee and any other party in interest requesting same. Such an amendment will be deemed effective as of the date that it is served or filed, whichever is later. The trustee and other parties in interest shall have 15 days after the later of these dates within which to file objections to the amended claim of exempt property."

One leading commentator has also suggested that Local Rule 15 and Bankruptcy Rule 110 continue to permit amendment of exemption schedules without court approval unless a party in interest objects within 15 days after the filing of the amendment. Hippe, *Tennessee Bankruptcy Service,* Vol. 1, No. 5, at 1 (March 17, 1982). This interpretation, however, is inconsistent with this court's opinion in *Brewer* which in essence limited the application of Rule 110 and Local Rule 15 to exemption amendments which were either prior to the expiration of the 15 day time period set forth in the court's order and notice or involved the discovery of additional assets.

5. Fed.R.Bankr.P. 906(b) provides in pertinent part:

"(b) *Enlargement.* When by these rules or by a notice given thereunder or by order of court an act is required or allowed to be done at or within a specified time, the court for cause shown may at any time in its discretion ... (2) upon application made after the expiration of the specified period permit the act to be done where the failure to act was the result of excusable neglect; but it may not extend the time for taking any action under Rules .... 403(c)...."

Although the 15 day time limit prescribed in the court's order and notice for the debtor's meeting of creditors is similar to the provision contained in Bankruptcy Rule 403(c), Rule 906(b) does not preclude the court from enlarging this 15 day time period. *See In re Grethen,* 14 Bankr. at 223. Fed.R.Bankr.P. 403 provides in pertinent part:

"(a) *Claim of Exemptions.* A bankrupt shall claim his exemptions in the schedule of his property required to be filed by Rule 108.

(b) *Trustee's Report.* The trustee shall examine the bankrupt's claim for exemptions, set apart such as are lawfully claimed and allowable, and report to the court the items set apart, the amount or estimated value of each, and the exemptions claimed that are not allowable. The report shall be filed with the court no later than 15 days after the trustee qualifies. If the trustee reports that any exemption claimed is not allowable, he shall forthwith mail or deliver copies of the report to the bankrupt and his attorney.

(c) *Objections to Report.* Any creditor or the bankrupt may file objections to the report within 15 days after its filing, unless further time is granted by the court within such 15-day period...."

Section 405(d) apparently renders Rule 403 inapplicable under the Bankruptcy Code since 11 U.S.C. § 522(*l*) abolishes the requirement of a trustee's report. *In re Grethen,* 14 Bankr. at 223; *Central Kansas Credit Union v. Lyon,* 6 Bankr.Ct.Dec. 343, 345 (Bankr.D.Kan.1980); *In re Maxwell* [5 B.R. 58], 6 Bankr.Ct.Dec. 1121, 1122 (Bankr.N.D.Ga.1980). Section 405(d) of Title IV of the Bankruptcy Code (codified in note preceding 28 U.S.C.S. § 1471 (Law Co-op Supp.1982)) provides in pertinent part:

"(d) The rules prescribed under section 2075 of title 28 of the United States Code ... and in effect on September 30, 1979, shall apply to cases under title 11 ... to the extent not inconsistent with [the Bankruptcy Code]...."

(Bkrtcy.W.D.Pa.1981). Rule 906(b)(2) permits the court to grant such an extension after the deadline for filing has passed *if* the requesting party's failure to timely file was the result of "excusable neglect." Although a flexible concept, excusable neglect has been best defined as "the failure to timely perform a duty due to circumstances which were beyond the reasonable control of the person whose duty it was to perform." *Beneficial Finance Co. v. Manning,* 4 Bankr.Ct.Dec. (CRR) 304, 305 (Bkrtcy.D. Conn.1978). *Accord Hanover Trust Co. v. Horvath,* 20 B.R. 962, 6 C.B.C.2d (MB) 1302, 1306 (Bkrtcy.S.D.N.Y.1982); *In re Grethen,* 14 B.R. at 223; *Federal Deposit Insurance Corp. v. Klayer,* 13 B.R. 542, 545 (Bkrtcy.W. D.Ky.1981); *In re Webb,* 8 B.R. 535, 537 (Bkrtcy.S.D.Tex.1981); *In re Biddy,* 7 B.R. 50, 7 B.C.D. (CRR) 84, 85 (Bkrtcy.N.D.Ga. 1980); *Reed Lumber Co. v. Rogers,* 2 B.R. 485, 487 (Bkrtcy.W.D.Va.1979). *See generally First & Peoples National Bank v. Young,* 1 B.R. 387, 390–393 (Bkrtcy.M.D. Tenn.1979).

■ The decision whether to allow an extension of time under Rule 906(b)(2) is a matter vested within the sound discretion of the court. *Ragsdale v. Genesco, Inc.,* at 278. Such an extension should only be granted in exceptional circumstances. The court must consider all relevant criteria in determining whether to grant an extension of time, including (1) the length of the delay in requesting an amendment, (2) any actual prejudice to the trustee or creditors caused by the debtor's failure to timely claim an exemption, (3) the debtor's perception of the claimed exemption at the time of the filing of his original schedules, (4) if the debtor was represented by counsel, whether an attorney experienced in the practice of bankruptcy law would have claimed the exemption at the time of the

filing of the petition, (5) the detrimental effect on the debtor's fresh start if the amendment is disallowed and (6) whether any party in interest raises an objection to the debtor's motion for an extension of time. *See generally In the Matter of Bessel,* 18 B.R. 320, 322–323 (Bkrtcy.W.D.Wis. 1982); *Van Metre, Hanson, Clarke & Schnitzler v. Blint,* 20 B.R. 982, 984 (Bkrtcy. W.D.Wis.1982) (both cases adopting similar factors in determining whether a debtor's amendment to his exemption schedules should be allowed). The debtor bears the ultimate burden of proof to demonstrate that the circumstances merit an extension of the 15 day time period.[6] *See, e.g., Hanover Trust Co. v. Horvath,* 20 B.R. 962, at 966, 6 C.B.C.2d (MB) at 1306; *In re Grethen,* 14 B.R. at 223; *Reed Lumber Co. v. Rogers,* 2 B.R. at 487.

■ The debtor has not met his burden in the present case.[7] The debtor requests to amend his exemption schedules by selecting the federal rather than the state scheme of exemptions. This court has previously held that such a request is insufficient cause to justify an extension of the 15 day time period. *In re Brewer,* 17 B.R. at 188–189. In any event, the allowance of the debtor's amendment at this time would preclude the trustee from recovering a significant portion of the expenses he accumulated in pursuing the collection of the money which the debtor now seeks to claim as exempt. The court would further note that both the debtor and his attorney, who is an experienced bankruptcy practitioner, were well aware of the debtor's interest in the escrow account at the time the debtor's petition was filed. In fact, the debtor was specifically questioned about this fund at his meeting of creditors. The debtor, however, did not attempt to amend his exemption

---

**6.** This approach is in accord with the standards recently adopted by Judge Bare of the Bankruptcy Court for the Eastern District of Tennessee *in determining when to permit a debtor to amend his exemption schedules. In re Byrd,* 22 B.R. 498, 499–500 (Bkrtcy.E.D.Tenn.1982); *Coffey v. Southeastern Energy, Inc.,* 21 B.R. 804, 807–808 (Bkrtcy.E.D.Tenn.1982). The court concurs with Judge Bare's assessment

that, as a general rule, the 15-day time limitation must be followed to establish some finality to the debtor's exemption selections.

**7.** For the purposes of this decision, the court will treat the debtor's application to amend as a motion for an extension of time pursuant to Rule 906(b)(2).

schedules to claim an increased exemption in these monies until more than 15 months after his original petition was filed and approximately six months after the trustee had recovered the remaining funds in the escrow account. Under these circumstances, this court will not countenance the debtor's amendment of his exemption schedules at this late date. Although the Bankruptcy Code favors the policy of providing a debtor with a fresh start, the debtor is under an obligation to bring himself within the ambit of the Code's protection. The debtor has not done so in the present case, and by his inaction has caused the trustee to expend his time and effort in collecting funds for the benefit of the estate in which the debtor initially claimed no interest. The debtor's failure to timely file an amendment of his exemption schedules is clearly not the result of excusable neglect, and thus an extension of the 15 day time period for filing amendments is unwarranted.

The court will accordingly enter an order denying the debtor's application to amend his exemption schedules.

IT IS, THEREFORE, SO ORDERED.