**In re Charles E. RHOTEN and Marlene N. Rhoten, Debtors.**

**Bankruptcy No. 382–01980.**

United States Bankruptcy Court,
M.D. Tennessee,
Nashville Division.

Feb. 16, 1983.

Margaret Behm, Nashville, Tenn., for debtors.

J. William Lincoln, III, Nashville, Tenn., for Third Nat. Bank.

### MEMORANDUM AND ORDER

KEITH M. LUNDIN, Bankruptcy Judge.

This matter is before the court on the debtor Marlene Rhoten's motion to amend schedule B–4 to reallocate her claim of exemptions. For the reasons stated below, the debtor's motion is granted.

The debtors filed a joint petition under Chapter 7 on June 21, 1982. The debtors' meeting of creditors was held on July 26, 1982. On July 29, 1982, Marlene Rhoten filed her first application to amend schedule B–4 to exempt a one-half interest in a 1979 Cadillac. The $3,500 exemption was claimed pursuant to §§ 522(d)(2), (1) and 522(d)(2), (5) of the Bankruptcy Code. The trustee and a creditor, Third National Bank, filed objections to the amendment. A hearing on the objections was held on September 14, 1982, at which time the court determined that the title of the automobile was held exclusively in the name of Charles Rhoten. The court rejected Marlene Rhoten's claimed exemption in the automobile. The debtor filed a second application to amend her exemption schedules on September 29, 1982 seeking to reallocate to other property the lost $3,500 exemption in the automobile.

This matter is controlled by this court's recent decision in *In re Williams,* 26 B.R. 741 (Bkrtcy.M.D.Tenn.1982). In *Williams* the court emphasized that the order and notice issued for each debtor's meeting of creditors requires the debtor to file any amendment to the exemption schedule within 15 days after the meeting of creditors. The debtor's second motion to amend is clearly outside the 15 day deadline. We have noted, however, that the 15 day limitation is not absolute:

The debtor in this case could make a motion to extend this time pursuant to Rule 906(b)(2) of the Federal Rules of Bankruptcy Procedure ... Rule 906(b)(2)

permits the court to grant such an extension after the deadline for filing has passed *if* the requesting party's failure to timely file was the result of 'excusable neglect.' ...

The decision whether to allow an extension of time under Rule 906(b)(2) is a matter vested within the sound discretion of the court ... Such an extension should only be granted in exceptional circumstances. The court must consider all relevant criteria in determining whether to grant an extension of time, including (1) the length of the delay in requesting an amendment, (2) any actual prejudice to the trustee or creditors caused by the debtor's failure to timely claim an exemption, (3) the debtor's perception of the claimed exemption at the time of the filing of his original schedules, (4) if the debtor was represented by counsel, whether an attorney experienced in the practice of bankruptcy law would have claimed the exemption at the time of filing of the petition, (5) the detrimental effect on the debtor's fresh start if the amendment is disallowed and (6) whether any party in interest raises an objection to the debtor's motion for an extension of time ... The debtor bears the ultimate burden of proof to demonstrate that the circumstances merit an extension of the 15 day time period. (citations and footnotes omitted).

*In re Williams,* at 744–745.

The court finds that the debtor has satisfied the standards delineated in *Williams.*[1] The debtor promptly filed the second motion to amend her exemption schedule and to reallocate her disallowed exemption. No interested party has demonstrated detrimental reliance on the debtor's original exemption schedule. The trustee has not objected to the debtor's second application for an amendment. Third National Bank has raised the sole objection. In a sometimes venomous memorandum, counsel for Third National argues that the second amendment should be denied because Mrs. Rhoten has not acted in good faith during the pendency of her bankruptcy case. Counsel suggests that the debtor is careless and indifferent towards her creditors which is tantamount to the concealment of assets and, therefore, should be denied the benefit of an exemption claim. The court is not now persuaded that any creditor has been prejudiced in this case in any way that would justify the forfeiture of the debtor's exemptions. The trustee and all creditors are protected from any fraud or concealment by the constraint imposed by the court at the hearing on September 14, 1982. The court ruled that the debtor may reallocate her exemption only to property listed on her original schedules. None of the property discovered by the trustee's investigation is eligible for exemption. This court does not condone the haphazard claiming of exemptions nor sanction attempts to defraud creditors by exempting property to which the debtor is not entitled. The court is not persuaded, however, that this debtor is perpetrating a fraud on the court or any creditor.

The explanation offered by the debtor is palatable and sufficient to constitute excusable neglect within the guidelines established by this court. The court finds that the debtor's misperception concerning the legitimacy of the exemption was reasonable in that the automobile in which the exemption was claimed was the debtors' sole means of transportation and was principally maintained and utilized by Mrs. Rhoten. Therefore, although the automobile was not legally titled in her name, it constituted a valuable asset to the debtor and was reasonably, albeit incorrectly, perceived to be exemptable property.

Accordingly, debtor's motion to amend her exemption claim and to reallocate her exemptions is GRANTED.

IT IS SO ORDERED.

---

1. For the purpose of this decision, the court will treat debtors' application as a motion for an extension of time pursuant to Rule 906(b)(2) of the Federal Rules of Bankruptcy Procedure.