## In re Arnold Eugene KING and Jackie Faye King, Debtors.

### Bankruptcy No. 382–00565.

United States Bankruptcy Court,
M.D. Tennessee,
Nashville Division.

Feb. 17, 1983.

E. Covington Johnston, Jr., Franklin, Tenn., for debtors.

Robert H. Waldschmidt, Nashville, Tenn., trustee.

### MEMORANDUM AND ORDER

KEITH M. LUNDIN, Bankruptcy Judge.

The issue before the court is whether the debtors are entitled to exempt the proceeds of a lawsuit settlement received by the debtors after their bankruptcy case was closed. Debtors argue that the trustee abandoned any interest in the settlement proceeds by signing the no asset notice in the case. The debtors move to reopen their case and amend schedule B–4 to claim the settlement proceeds as exempt. The trustee contends that abandonment did not occur because the lawsuit was not properly

scheduled as an asset and objects to the proposed amendment as untimely. The trustee has moved the court for an order of turnover. After review of the record, briefs, arguments of the parties, and the applicable authority, the court grants the debtors' motion to reopen the case and to amend their exemption schedule.

The debtors filed a voluntary Chapter 7 petition on February 25, 1982. They listed a lawsuit, "King v. Ford Motor Company," under item 10(a) on the statement of affairs and indicated the names of their attorneys and the contingent fee arrangement in items 15(a) and 15(c). The lawsuit had been filed in the Circuit Court for Davidson County, Tennessee in June of 1978. The lawsuit had languored through various stages of discovery and several trial dates. The debtors sought $160,000 in damages incurred as the result of a motor vehicle accident. No settlement had been proposed prior to the filing of the bankruptcy petition.[1] The lawsuit was not scheduled as an asset on schedule B–2 and the debtors failed to claim any exemption in the lawsuit on schedule B–4.

The debtors' meeting of creditors was held on March 29, 1982. The order and notice issued for the meeting of creditors stated that "unless the court extends the time, any objections to the claims of the debtor of exempt property must be filed no later than 15 days after the meeting of creditors." The trustee did not inquire of the debtors concerning the potential value of the lawsuit at the meeting of creditors, but the trustee recalled discussing the lawsuit with the debtors' counsel after the meeting of creditors and determining that there was little or no likelihood of success.

The trustee submitted a no asset report on March 30, 1982. The report specifically stated that "any property listed in the debtor's schedules of assets will be deemed abandoned" once the report is approved by the court. The debtors were granted their discharge on May 11, 1982. The court approved the trustee's report and closed the case on July 9, 1982.

The debtors' lawsuit again neared trial in November of 1982. For the first time, counsel for Ford Motor Company proposed to settle the matter for $13,500.[2] The debtors accepted the settlement offer. The debtors filed a motion to amend their exemption schedules on November 29, 1982. The trustee filed an objection to the amendment and filed an application to reopen the case to administer assets on December 3, 1982. The debtors filed a motion on December 6, 1982 requesting the proceeds be declared abandoned or in the alternative to reopen the case and to amend their exemption schedules. Each of the debtors asserted a $7,500 exemption pursuant to 11 U.S.C.A. § 522(d)(11)(D) (West 1979). The trustee applied for a turnover order on December 17, 1982. These motions were consolidated for hearing and heard by this court on January 25, 1983.

■ The debtors argue that the trustee abandoned any interest in the settlement proceeds when with knowledge of a pending lawsuit, he filed a no asset report on March 29, 1982. This court recently addressed this issue in the case of *In re Medley*, Case No. 381–03597 (Bkrtcy. M.D.Tenn. Jan. 28, 1983). In *Medley*, we held that 11 U.S.C.A. § 554 (West 1979) provides that only property that is properly scheduled is deemed abandoned. Because the debtors failed to schedule the lawsuit as an asset, the trustee did not abandon the estate's interest in the lawsuit when the no asset notice was filed.

■ The propriety of debtors' motion to amend their exemption schedules is controlled by another of this court's recent

---

1. The testimony at trial indicated that the lawyers involved in the lawsuit against Ford were not even aware of the debtors' bankruptcy until the settlement materialized months after the case was closed.

2. The funds are currently being held by Mr. Jack A Butler, Esq., pending further order of this court. The amount at issue for purposes of exemption is $8,333.33, the remainder being retained by agreement of the parties as attorneys' fees and costs.

decisions in *In re Williams,* 26 B.R. 741 (Bkrtcy.M.D.Tenn. Nov. 23, 1982).[3] In *Williams,* the court emphasized that the order and notice issued for each debtor's meeting of creditors requires the debtor to file any amendment to his exemption schedule within 15 days after the meeting of creditors. The debtors are clearly outside the 15 day deadline. The court has held, however, that the 15 day limit is not absolute. As the court explained:

> The debtor in this case could make a motion to extend this time pursuant to Rule 906(b)(2) of the Federal Rules of Bankruptcy Procedure ... Rule 906(b)(2) permits the court to grant such an extension after the deadline for filing has passed *if* the requesting party's failure to timely file was the result of 'excusable neglect.' ...

> The decision whether to allow an extension of time under Rule 906(b)(2) is a matter vested within the sound discretion of the court ... Such an extension should only be granted in exceptional circumstances. The court must consider all relevant criteria in determining whether to grant an extension of time, including (1) the length of the delay in requesting an amendment, (2) any actual prejudice to the trustee or creditors caused by the debtor's failure to timely claim an exemption, (3) the debtor's perception of the claimed exemption at the time of the filing of his original schedules, (4) if the debtor was represented by counsel, whether an attorney experienced in the practice of bankruptcy law would have claimed the exemption at the time of filing of the petition, (5) the detrimental effect on the debtor's fresh start if the amendment is disallowed and (6) whether any party in interest raises an objection to the debtor's motion for an extension of time ... The debtor bears the ultimate burden of proof to demonstrate that the circumstances merit an extension of the 15 day time period. (citations and footnotes omitted).

*In re Williams,* 26 B.R. 741, 745.

The court finds that the debtors have demonstrated excusable neglect within the outlined criteria. First, no appreciable delay arose between the receipt of the settlement and the debtors' request for an amendment. The settlement occurred in early November and an amendment was requested November 29. The debtors took the initiative to seek an amendment and brought this matter before the court. Second, the trustee testified that he had not been prejudiced by debtors' failure to claim the exemption within the 15-day period. To his knowledge, no creditors have been prejudiced. No interested party has asserted a detrimental reliance on the debtors' exemption schedules. Although the prudent bankruptcy practitioner would claim all potentially available exemptions without regard to their apparently spurious value, the salient characteristic of this matter is that everyone believed that the lawsuit had no value whatsoever at the time the bankruptcy petition was filed. At the time the petition was filed, the debtors perceived that this lawsuit had little or no value. The debtor testified that he was "shocked" to hear that a settlement had been offered after four years. All persons with knowledge of the lawsuit considered it to be of little or no value. The debtors' state court attorney, the trustee and the debtors' bankruptcy counsel all testified to complete surprise that a recovery had been realized.

Retention of the settlement proceeds would obviously provide considerable assistance to the debtors in achieving their "fresh start." The debtors are experiencing employment difficulties and Mr. King sustained a 35% disability as a result of the automobile accident at issue in the lawsuit. Congressional concern for protecting personal injury recoveries is evidenced by 11 U.S.C.A. § 522(d)(11)(D) which provides an exemption for "a payment, not to exceed

---

**3.** For the purpose of this decision, the court will treat the debtors' application as a motion for an extension of time pursuant to Rule 906(b)(2) of the Federal Rules of Bankruptcy Procedure.

$7,500, on account of personal bodily injury, not including pain and suffering or compensation for actual pecuniary loss, of the debtor or an individual of whom the debtor is a dependent."

By enforcing deadlines on exemption elections, the court is attempting to provide finality and certainty to the bankruptcy process. The court does not condone carelessness in the preparation of bankruptcy petitions which require estates to be reopened to amend schedules or administer assets. However, the debtors in this case have sufficiently justified their failure to exempt the lawsuit proceeds in their original exemption election.

Accordingly, the case is ordered reopened. The trustee's motion for turnover is DENIED and debtors' motion to amend schedule B–4 to add the settlement proceeds as exempt property is GRANTED.

IT IS SO ORDERED.