**In re Charles Von JOHNSON and Vivian Joyce Johnson, Debtors.**

No. 382–03868.

United States District Court,
M.D. Tennessee.

June 2, 1983.

Leon Perry, Nashville, Tenn., for debtors.

Robert H. Waldschmidt, Cosner & Waldschmidt, Nashville, Tenn., for trustee.

ORDER

WISEMAN, District Judge.

Upon review of the report of the standing master, IT IS ORDERED that the report is approved.

THEREFORE, IT IS ORDERED that the debtor, Vivian Joyce Johnson, shall be permitted to amend the schedule of exemptions to claim a homestead exemption in the house and lot owned by the debtor upon the conditions that counsel for the debtors shall within five days of the date of this order remit to the trustee the sum of $750 as reimbursement for costs, fees and expenses including reasonable attorney's fees caused by the negligence of debtors' counsel, shall refund the sum of $200 to the debtors and shall reimburse the trustee $283 for the May mortgage payment.

IT IS FURTHER ORDERED that the objection to the trustee's sale of the house and lot is overruled. The court reserves the question whether the debtors are entitled to state or federal exemptions in light of the recent decision of the United States Court of Appeals in *Rhodes v. Stewart,* 705 F.2d 159 (6th Cir.1983).

IT IS SO ORDERED.

REPORT OF STANDING MASTER [1]

KEITH M. LUNDIN, Bankruptcy Judge, Standing Master.

This matter is before the court on the trustee's notice of a proposed sale of a

---

[1] Following the Supreme Court's invalidation of the jurisdictional provisions of § 241(a) of the Bankruptcy Reform Act of 1978 in *Northern Pipeline Construction Co. v. Marathon Pipe Line Co.,* —— U.S. ——, 102 S.Ct. 2858, 73 L.Ed.2d 598 (1982) and the expiration of the stay without intervening Congressional action, the Judicial Council for the United States Court of Appeals for the Sixth Circuit promulgated an "emergency rule" which was adopted by the United States District Court for the Middle District of Tennessee on December 24, 1982. *In re*

*Administration of the Bankruptcy System,* Adm.Order No. 28(a) (M.D.Tenn. Dec. 24, 1982). This court subsequently declared the "emergency rule" unconstitutional and held that the district courts were without jurisdiction to entertain bankruptcy cases. *In re Conley,* 26 B.R. 885 (Bkrtcy.M.D.Tenn.1983). Thereafter, the United States District Court for the Middle District of Tennessee ruled that bankruptcy jurisdiction continued in the district courts, but that the "emergency rule" was invalid. *Walter E. Heller and Co. Southeast,*

house and lot titled in the name of the debtor, Vivian Joyce Johnson, and the objection to the proposed sale filed on April 20, 1983. The debtors' objection is in effect an application to amend the debtors' exemption schedules to claim a homestead exemption in the house. Though the house and lot are clearly listed in schedule B–1 of the debtors' original schedules and although the lien of the first mortgage holder is clearly listed in schedule A–2 in an amount substantially less than the market value of the house, the debtors failed to claim any homestead exemption in the original statements and schedules.

Upon discovery of the unliquidated asset, the trustee, Robert H. Waldschmidt, Esq., appropriately hired an attorney, contracted with an auctioneer and noticed all parties of a proposed sale of the residence.[2] After receipt of the notice, debtors' counsel filed an objection which asserts in pertinent part:

> Through mistake, inadvertence, or carelessness, the debtors' attorney did not provide for the debtors (sic) statutory exemption of said house as allowed in 11 U.S.C. § 522(d)(1).

A hearing was held on the debtors' objection to the proposed sale on May 12, 1983. At the hearing the debtors' counsel, Leon Perry, Esq., offered no credible explanation for the failure to claim the debtors' homestead exemption. Mr. Perry admitted that the existence of the house and lot were known to him, that the house and lot were listed as assets in the debtors' schedules, that the debtors and counsel were aware of the first mortgage and that both were aware of equity in the property. Mr. Perry stated to the court that he "does a lot of

bankruptcy cases" and that sooner or later a mistake of this kind was inevitable.

This court sharply disagrees with counsel's statement of the inevitable. This case is a remarkably simple and uncomplicated consumer Chapter 7 in which there are only three secured creditors and less than $12,000 in unsecured debts. The attorney's affidavit attached to the petition indicates that the debtors advanced $275 for the preparation of the petition, and from a review of the file, the only significant asset available for exemption and protection by the debtors is their equity in the home in which they live. From the facts presented, this court can only find that the failure to assert the homestead exemption is gross negligence and carelessness on counsel's part.

The difficult issue in this case is the immediate possibility that the debtors will suffer the loss of their home and of their homestead exemption because of the negligence of their counsel. The trustee, while acknowledging with some compassion that the debtors have suffered unnecessarily at the hands of their counsel, notes that it is the responsibility of a trustee in bankruptcy to firmly pursue the unencumbered and not exempted assets for the benefit of the unsecured creditors.

This court recognizes that there are circumstances under which it is appropriate to allow the untimely amendment of the exemption schedules. As detailed in prior decisions of this court including *In re Williams*, 26 B.R. 741 (Bkrtcy.M.D.Tenn.1982), where a debtor seeks to amend the exemption schedules after the expiration of the applicable time period, the debtor must demonstrate "excusable neglect." Though

---

*Inc. v. Matlock Trailer Corp.*, 27 B.R. 318, 323 (M.D.Tenn.1983). Administrative Order No. 28 was withdrawn and by subsequent administrative orders, the Bankruptcy Judges for the Middle District of Tennessee were appointed standing masters to administer bankruptcy cases referred to them pursuant to Rule 53 of the Federal Rules of Civil Procedure. This case was referred to the standing master on April 13, 1983.

2. The house and lot are apparently owned individually by one of the debtors, Vivian Joyce Johnson. The schedules indicate that the house is worth at least $31,000. The first mortgage is in the amount of $24,000. At the hearing on the debtors' objection to the proposed sale, the trustee indicated to the court that the property was worth substantially in excess of $31,000 and that equity existed in the property for the unsecured creditors over and above any claim of exemption the debtor might seek to assert.

the carelessness or negligence of debtors' counsel is not normally itself "excusable neglect" a balance of the factors set forth *In re Williams* leads this court to conclude that the debtors should be permitted to amend their exemption schedules on the facts of this case, subject to the conditions set forth herein.

The court will permit the debtors to amend to claim a homestead exemption upon the condition that the debtors' counsel shall remit from his personal funds the sum of $750 to the trustee as payment of fees, costs and expenses including attorney's fees occasioned by the negligence of the debtors' counsel. The debtors' counsel shall further remit from his personal funds the sum of $283 to be used by the trustee to make the May payment on the first mortgage, which payment would have been made from the proceeds of the trustee's sale, but for the actions of debtors' counsel. Debtors' counsel shall also refund to the debtors a portion of the fee he has received in the amount of $200. Upon compliance by debtors' counsel with these three conditions, the court will permit the debtors to amend their exemption schedule to claim a homestead exemption in the house and lot. Though the debtors indicate in their objection to the proposed sale that they wish to assert the federal exemption under 11 U.S.C.A. § 522(d)(1) (West 1979), the court reserves the question whether the debtors may claim the federal exemptions in this case in light of the recent decision of the United States Court of Appeals in *Rhodes v. Stewart,* 705 F.2d 159 (6th Cir.1983). The debtors' counsel should have five days from the date of the court's order in which to make the payments called for herein.

 It is further the finding of this court that the debtors' objection to the proposed sale should be overruled to the extent that it seeks to stop the sale itself. Though the court herein finds it appropriate to allow the debtors to amend their exemption schedule, the debtors have asserted no reason why the trustee should be prohibited from seeking to liquidate the equity in the house and lot over and above the exemption available to Vivian Joyce Johnson. At the hearing on the debtors' objection, the court was informed that this house is not owned by the debtors as tenants by the entireties, but is owned individually by the debtor Vivian Joyce Johnson. No reason has been asserted for prohibiting the sale of the house and lot.

## REPORT AND NOTICE

Pursuant to Rule 53(e)(1), Federal Rule of Civil Procedure, the standing master submits this proposed order to the United States District Court for the Middle District of Tennessee with the recommendation that this proposed order be approved. Notice is hereby given that all parties in interest have 10 days within which to file objections to this report with the Bankruptcy Court Clerk designated under Administrative Order No. 28–3 as the Clerk for the United States District Court for the Middle District of Tennessee.