In re John Lemuel MEDLEY and Helen Louise Medley, Debtors.

Bankruptcy No. 381–03597.

United States Bankruptcy Court, M.D. Tennessee.

Jan. 28, 1983.

Robert H. Waldschmidt, Nashville, Tenn., Trustee.

Donald J. Serkin, Nashville, Tenn., for debtors.

## MEMORANDUM

GEORGE C. PAINE, II, Bankruptcy Judge.

This matter is before the court on the debtors' objection to the trustee's administration of assets in this reopened bankruptcy estate and on the debtors' application to amend Schedule B–4 of their bankruptcy petition to claim as exempt a federal income tax refund in the amount of $1,346.00. Upon consideration of the evidence presented at the hearing, stipulations, briefs of the parties and the entire record, this court concludes that the debtors' objection to the trustee's administration of assets and the debtors' application to amend their exemption schedules should be denied.

The facts in this case are basically undisputed. The debtors John and Helen Medley filed a voluntary Chapter 7 petition in this court on November 12, 1981. The debtors did not list any potential tax refund as an asset of their estate under either Schedule B–2 or Schedule B–3. Nor did the debtors claim an exemption in any tax refund under Schedule B–4. The debtors did note, in response to a series of questions propounded in their Statement of Schedules and Affairs, that they had received a tax refund of $485.00 in 1980. In answer to the question of what tax refunds they were currently entitled to, the debtors stated with some ambiguity that in "1981? Expect jointly approximately $12—1400.00."

The debtors' meeting of creditors was subsequently set on January 4, 1982. The order and notice issued for the meeting of creditors expressly stated that "[U]nless the court extends the time, any objections to the claims of the debtor of exempt property must be filed no later than 15 days after the meeting of creditors." The debtors failed to appear at their scheduled meeting of creditors and, after a hearing at which the debtors sufficiently explained their absence, the debtors were permitted to attend their meeting of creditors on February 8, 1982.

The trustee submitted his report that this was a no asset case on February 8, 1982. The report specifically stated that, "any property listed in the debtor's schedules of assets will be deemed abandoned" once the report is accepted by the court. The debtors were granted a discharge from this court on March 16, 1982. The court approved the trustee's report of no assets and closed this case on April 15, 1982.

On May 14, 1982, the trustee filed an application to reopen this case for the purpose of administering a tax refund check in the amount of $1,346.00. On May 27, 1982, the court granted the trustee's application and reappointed Robert H. Waldschmidt as trustee in this case. The court also issued

an order and notice of assets to all creditors in this case on June 11, 1982.

The debtors had previously filed an objection to the trustee's report of assets on May 27, 1982. The debtors alleged that, when this case was originally closed, the trustee effectively abandoned any interest he possessed in the debtors' income tax refund and therefore this property interest properly revested in the debtors.

The debtors also submitted on June 7, 1982, an application to amend their exemption schedules to claim the income tax refund check as exempt. On June 8, 1982, the trustee filed an objection to the debtors' application to amend, essentially contending this amendment was untimely filed.

The court initially concludes that the trustee has not abandoned any interest he possesses in the debtors' joint income tax refund for 1981. The party seeking to prove abandonment has the burden of proof. *Stanolind Oil & Gas Co. v. Logan,* 92 F.2d 28, 31 (5th Cir.1937) *cert. denied* 302 U.S. 763, 58 S.Ct. 409, 82 L.Ed. 592 and 303 U.S. 636, 58 S.Ct. 522, 82 L.Ed. 1097. The debtors in this case assert that, even though they failed to list the tax refund as an asset of their estate, the trustee was given notice of this potential asset by the debtors' responses to questions in their statement of financial affairs. The debtors further claim that, by virtue of this information, the trustee had at least constructive notice of the asset and thereafter abandoned any interest in the asset when he filed his no asset report and the court closed this case.

The debtors' analysis could arguably have had some validity under case law interpreting the former Bankruptcy Act. Judge Paul E. Jennings, writing for this court in a case decided under the Bankruptcy Act, concluded that abandonment would be knowingly made and irrevocable if the trustee acquired such knowledge during the administration of the case that was "certainly sufficient to put him upon diligent inquiry

as to the transaction." *LaRoche v. Tarpley,* 4 B.R. 145, 146 (Bkrtcy.M.D.Tenn.1980); *quoting Webb v. Raleigh Hardware Co.,* 54 F.2d 1065, 1067 (4th Cir.1932).

This court does not have to address the factual question as to the trustee's knowledge, however, since the enactment of § 554 of the Bankruptcy Code clarifies those instances in which abandonment of property of the estate occurs. 11 U.S.C. § 554 (West 1979) states:

"(a) After notice and a hearing, the trustee may abandon any property of the estate that is burdensome to the estate or that is of inconsequential value to the estate.

(b) On request of a party in interest and after notice and a hearing, the court may order the trustee to abandon any property of the estate that is burdensome to the estate or that is of inconsequential value to the estate.

(c) Unless the court orders otherwise, any property that is scheduled under section 521(1) of this title and that is not administered before a case is closed under section 350 of this title is deemed abandoned.

(d) Unless the court orders otherwise, property of the estate that is not abandoned under [sub]section (a) or (b) [sic—should be '(b)' or '(c)'] of this section and that is not administered in the case remains property of the estate."

Section 554(c) explicitly provides that only property that is *scheduled* under § 521(1) is deemed abandoned after the case is closed. Section 521(1) requires a debtor to file a list of creditors, a *schedule of assets and liabilities,* and a statement of the debtor's financial affairs.[1] Reading these two sections together leads to the undeniable conclusion that the word "scheduled" in § 554(c) connotes a listing of the asset in the debtor's schedule of assets and liabilities. If the debtor fails to list an asset of the estate in his schedules and this

1. 11 U.S.C. § 521 provides in relevant part: "The debtor shall—
   (1) file a list of creditors, and unless the court orders otherwise, a schedule of assets and liabilities, and a statement of the debtor's financial affairs;
   . . ."

property is not administered before the case is closed, then the asset is not deemed abandoned under § 554(c). *See Wallace v. Enriquez,* 22 B.R. 934, 7 C.B.C.2d (MB) 263, 265 (Bkrtcy.D.Neb.1982); *In re Sutton,* 10 B.R. 737, 740 (Bkrtcy.E.D.Va.1981); *In re Peninsula Roofing & Sheet Metal, Inc.,* 9 B.R. 257, 260 (Bkrtcy.W.D.Mich.1981); L. King, 4 Collier on Bankruptcy ¶ 554.02–¶ 554.03, at 554–10 to 554–12 (15th ed. 1982); 2 Norton Bankruptcy Law and Practice § 39.04 (1981). Such property therefore remains property of the estate under § 554(d). Section 554 and 521(1) act in concert to relieve the trustee from the burden of conducting a rigorous search of the debtor's records to discover assets of the estate by providing him with a ready schedule of the debtor's property interests.

Since the debtors in this case did not list their 1981 income tax refund in their schedule of assets, the trustee has not relinquished any interest he possesses in this refund pursuant to § 554 and may reopen the case to administer this asset of the estate. Indeed, the trustee's no asset report, which was approved by the court when the case was closed, tracks the language of § 554 in stating that only property "listed in the debtor's schedules of assets" will be deemed abandoned when the case is closed. In any event, the debtors should not now receive a windfall from their own negligence in failing to list an asset in their schedules nor should the debtors' creditors suffer because of the debtors' mistake.

The court further finds that the debtors' application to amend their exemption schedules must be denied. The debtors' request is controlled by the court's recent decision of *In re Williams,* 26 B.R. 741 (Bkrtcy.M.D.Tenn.1982). In *Williams,* the court reiterated its previous holding that the order and notice issued for each debtor's meeting of creditors requires a debtor to file any amendment to exemption schedules within 15 days after the meeting of creditors, with a limited exception that an amendment prior to the closing of the case to exempt "newly discovered" assets will be allowed without leave of court pursuant to

Bankruptcy Rule 110. *See In re Brewer,* 17 B.R. 186, 188–189 (Bkrtcy.M.D.Tenn.), *aff'd* 22 B.R. 983 (M.D.Tenn.1982). The court noted, however, that the 15 day time limitation is not absolute. As the court explained:

"The debtor in this case could make a motion to extend this time pursuant to Rule 906(b)(2) of the Federal Rules of Bankruptcy Procedure ... Rule 906(b)(2) permits the court to grant such an extension after the deadline for filing has passed *if* the requesting party's failure to timely file was the result of 'excusable neglect.' Although a flexible concept, excusable neglect has been best defined as 'the failure to timely perform a duty due to circumstances which were beyond the reasonable control of the person whose duty it was to perform.' ...

The decision whether to allow an extension of time under Rule 906(b)(2) is a matter vested within the sound discretion of the court ... Such an extension should only be granted in exceptional circumstances. The court must consider all relevant criteria in determining whether to grant an extension of time, including (1) the length of the delay in requesting an amendment, (2) any actual prejudice to the trustee or creditors caused by the debtor's failure to timely claim an exemption, (3) the debtor's perception of the claimed exemption at the time of the filing of his original schedules, (4) if the debtor was represented by counsel, whether an attorney experienced in the practice of bankruptcy law would have claimed the exemption at the time of the filing of the petition, (5) the detrimental effect on the debtor's fresh start if the amendment is disallowed and (6) whether any party in interest raises an objection to the debtor's motion for an extension of time ... The debtor bears the ultimate burden of proof to demonstrate that the circumstances merit an extension of the 15 day time period." (citations and footnotes omitted).

*In re Williams,* 26 B.R. at 745.

The fact that this bankruptcy case was previously closed precludes the debtors

from claiming this tax refund exempt as a "newly discovered" asset pursuant to Bankruptcy Rule 110. Once a bankruptcy case is closed, a debtor may only seek to amend his exemption schedules by filing with this court a motion to extend the 15 day time limitation for amendment of the debtor's exemption schedules. The court will then apply the same standards for excusable neglect enunciated in *Williams* to determine the validity of the debtor's request.

The debtors in this case have failed to establish such excusable neglect which would justify allowing an extension of the 15 day time limitation.[2] The debtors not only stated in their bankruptcy petition that they had received a tax refund for the previous year but also noted that they expected to receive the tax refund in question. Yet, despite this knowledge, neither the debtors nor their attorney claimed any exemption in this potential refund. Furthermore, prior to the debtors' request to amend their exemption schedules, the trustee expended time and money in having this case reopened in order to distribute the income tax refund check to creditors of the estate. Under these circumstances, the court finds no excusable neglect on the part of the debtors.

The court will accordingly enter an order dismissing the debtors' objection to the trustee's reopening of this case and denying the debtors' application to amend their exemption schedules.

IT IS, THEREFORE, SO ORDERED.

---

**2.** For the purposes of this decision, the court will treat the debtors' request as a motion to extend the time in which to amend exemption schedules.