**In re O.A. WINBURN, Jr., Debtor.**

**Bankruptcy No. 87–00165.**

United States Bankruptcy Court,
N.D. Florida,
Gainesville Division.

Oct. 6, 1993.

---

D. Andrew Vloedman, III, Gainesville, FL, for debtor.

Sharon Sperling, Gainesville, FL, Trustee.

*Order Denying Debtor's Motion to Vacate Order Reopening the Estate*

LEWIS M. KILLIAN, Jr., Bankruptcy Judge.

THIS CAUSE is before the Court on the Motion of O.A. Winburn, Jr. (the "Debtor"), for Rehearing of the Order Granting the Motion of U.S. Trustee (the "Trustee") to Reopen the Chapter 7 Estate. At the hearing on the Debtor's motion, the Court granted leave to the parties to file a memoranda of law as to what evidence the Court could appropriately consider in deciding whether cause existed to reopen the Chapter 7 estate pursuant to 11 U.S.C. § 350(b). At issue is whether there are assets of the estate to be administered. The Court, having now reviewed and considered the pleadings and other documents in the file, finds that there is an asset of the estate to be administered. Accordingly, the Court's order reopening the case stands.

The facts are not in dispute. The Debtor was a dairy farmer whose herd was allegedly infected with brucellosis by cattle leased from Borg–Warner. Because of the infection the herd was subsequently sold for slaughter. A suit was then commenced against Borg–Warner for its alleged infection of the Debtor's herd.[1] On July 28, 1982, after unsuccessful attempts at getting more cattle and other proceeds to restart the dairy farm, the Debtor filed for relief under Chapter 11 of the Bankruptcy Code. The cause of action against Borg–Warner was listed as an asset in the Chapter 11 proceeding. The Chapter 11 case was dismissed on June 18, 1984, after the Court determined there was no reasonable prospect of reorganization and that dismissal would be in the best interest of creditors of the estate.

On August 10, 1987, after foreclosure judgments were entered against the Debtor, and with no prospect of repaying his debts, the Debtor filed a pro-se Voluntary Petition for Relief under Chapter 7 of the Bankruptcy Code. The creditors in the Chapter 7 are primarily the same creditors who were in the Debtor's prior Chapter 11 proceeding. At

---

1. O.A. Winburn, Jr., v. Borg–Warner Leasing, United States District Court, Case Number GCA 81–0013–MMP.

the time the petition was filed the Debtor was still the plaintiff in the pending lawsuit against Borg–Warner. However, the Debtor did not list the cause of action on the schedule of assets and liabilities, nor was the cause of action referred to in the statement of financial affairs. Almost a year after filing the petition, the Debtor amended his statement of financial affairs to include the lawsuit against Borg–Warner.[2] The Debtor did not amend the schedule of assets and liabilities to include the lawsuit. On July 28, 1988, the Trustee filed a "Report of Trustee in No–Asset Case", and the case was subsequently closed when this Bankruptcy Court approved the Trustee's report on August 4, 1988.

On June 26, 1992, a jury returned a verdict in favor of the Debtor against Borg–Warner, and awarded approximately 2.5 million dollars in compensatory and punitive damages. On October 14, 1992, the U.S. Trustee filed a Motion to Reopen the Case Without a Hearing, which this Court granted on October 19, 1992. The Debtor subsequently filed a Motion for Rehearing as to the Order Granting the Trustee's Motion Reopening the Case and a memorandum in support of the motion. The Court, on May 28, 1993, by Order Establishing Remaining Issues and Scheduling Discovery, requested the parties file memoranda of law.

The Debtor argues, based on pre–Code practice, that the cause of action is abandoned by operation of law if the Trustee knew of the cause of action at the issuance of the no–asset report. Thus, the Debtor argues the Court should hear evidence on the Trustee's knowledge of the cause of action at the time he issued the no–asset report. The Trustee, on the other hand, argues an asset may only be abandoned under 11 U.S.C. § 554(c) if it has been explicitly scheduled as an asset on the statement of assets and liabilities as required by § 521(1). Thus, if the asset was not scheduled as required under § 521(1), it cannot abandoned by operation of law under § 554(c).

▮ The Bankruptcy Code provides guidelines in determining whether or not an asset

is abandoned. Under 11 U.S.C. § 554 an asset may be formally abandoned under subsection (a) or (b) or abandoned by operation of law under subsection (c). If an asset is not abandoned under subsection (a), (b) or (c) it remains property of the estate according to subsection (d).

Section 554 provides:

(a) After notice and a hearing, the trustee may abandon any property of the estate that is burdensome to the estate or that is of inconsequential value and benefit to the estate.

(b) On request of a party in interest and after notice and a hearing, the court may order the trustee to abandon any property of the estate that is burdensome to the estate or that is of inconsequential value and benefit to the estate.

(c) Unless the court orders otherwise, any property scheduled under section 521(1) of this title not otherwise administered at the time of the closing of a case is abandoned to the debtor and administered for purposes of section 350 of this title.

(d) Unless the court orders otherwise, property of the estate that is not abandoned under section (a) or (b) of this section and that is not administered in the case remains property of the estate.

Section 521(1) further provides in part:

The debtor shall—(1) file a list of creditors, and unless the court orders otherwise, a schedule of assets and liabilities, a schedule of current income and current expenditures, and a statement of the debtor's financial affairs[.]

The Debtor does not contend that the Borg–Warner cause of action was formally abandoned under § 554(a) or (b). Accordingly, this case addresses abandonment by operation of law pursuant to § 554(c) which, in turn, is predicated on compliance with § 521(1).

▮ In analyzing a bankruptcy statute, the Court must begin with the language of the statute itself. *United States v. Ron Pair*

---

2. STATEMENT OF FINANCIAL AFFAIRS OF DEBTOR NOT ENGAGED IN BUSINESS. 10. (a). Add Winburn v. Borg Warner, filed in U.S. District Court, Northern District, 110 E. Park Street, Tallahassee, Florida.

*Enterprises, Inc.,* 489 U.S. 235, 241, 109 S.Ct. 1026, 1030, 103 L.Ed.2d 290 (1989). If the language of the statute is plain, "the sole function of the courts is to enforce it according to its terms." *Id.*

■■■ Sections 554(c) and 521(1) are clear and unambiguous. Reading the two sections together leads to the undeniable conclusion that the word "scheduled" in § 554(c) connotes a listing of the asset in the debtor's schedule of assets and liabilities. *In re Medley,* 29 B.R. 84, 86 (Bankr.M.D.Tenn.1983). If the debtor fails to list an asset of the estate in his schedules and this property is not administered before the case is closed, then the asset is not deemed abandoned. *Id.* Whether the trustee or any creditor knew about the asset is irrelevant. In order for an asset of the estate to be abandoned to the Debtor by operation of law, the Debtor must first comply with the code. Because the Debtor did not list the cause of action against Borg–Warner on the schedule of assets and liabilities, it was not abandoned by operation of law and remains property of the estate under 11 U.S.C. § 554(d).

Cases which have interpreted the statute also follow the black letter approach. These cases hold that if an asset is not listed on the schedule of assets and liabilities, it is not "scheduled" according to 11 U.S.C. § 521(1) and cannot be abandoned by operation of law. See *Tavormina v. Harris (In re Harris),* 32 B.R. 125 (Bankr.S.D.Fla.1983); *In re Medley,* 29 B.R. 84, 86 (Bankr.M.D.Tenn. 1983); *Swindle v. Fossey (In re Fossey),* 119 B.R. 268 (D.Utah, C.D.1990). Further, none of the cases cited by the Debtor, since the enactment of the Bankruptcy Code, supports the Debtor's position.

The law is interested in finality. *Taylor v. Freeland & Kronz,* —— U.S. ——, 112 S.Ct. 1644, 118 L.Ed.2d 280 (1992). In *Taylor,* the trustee argued that the court should read into 11 U.S.C. § 522(*l*)'s exemption statute a provision which required debtors to exercise good faith when claiming exemptions. The trustee argued that the provision was necessary to discourage debtors from claiming meritless exemptions in the hopes that no one will object. *Id.* at ——, 112 S.Ct. at 4335. The Supreme Court held that the

clear language of the statute did not provide a good faith provision for claiming exemptions and neither the creditor(s) or the trustee objected to the exemption within the statutorily provided 30 days. Thus, the trustee could not contest the exemption based on a lack of good faith. The Court reasoned that Congress, not the courts, could enact provisions which address the difficulties presented by the trustee. *Id.*

■■ Similarly, in the instant case, the Debtor is asking the Court to read into the Bankruptcy Code a provision which goes against the clear language of the code. The Bankruptcy Court will not do a case by case analysis of what the Trustee's knowledge was and whether that knowledge was enough to result in the abandonment of an unscheduled asset. The clear language of the statute required the Debtor to schedule the cause of action on the statement of assets and liabilities in order for it to be abandoned by operation of law. Thus, because the Debtor did not properly schedule the cause of action it was not abandoned by operation of law pursuant to § 554(c).

■■ Finally, the Debtor argues that strict adherence to the terms of the Bankruptcy Code would result in inequities to debtors. The Debtor argues that a sophisticated trustee may close cases as no asset cases, where there was an improperly scheduled cause of action in order to entice debtors to expend time, energy and money on the lawsuit. Then, once the debtor wins the lawsuit, the trustee will claim that the cause of action was never abandoned because it was not scheduled. This argument completely ignores that the problem can be altogether avoided if the debtor complied with his affirmative duty to schedule assets in accordance with § 521(*l*). A debtor who fails to schedule assets as required cannot now be heard to reap the windfall of his oversight under principles of equity.

The cause of action having not been abandoned to the Debtor by operation of law, it is

ORDERED AND ADJUDGED that the Court's order Reopening the case stands and

the Debtor's Motion for Rehearing is DE-NIED.

DONE AND ORDERED.