**NOT FOR PUBLICATION**

## UNITED STATES BANKRUPTCY APPELLATE PANEL
## OF THE NINTH CIRCUIT

| | |
|---|---|
| In re: | BAP No. NV-18-1119-BKuTa |
| AFSHIN TADAYON, | Bk. No. 2:10-bk-30894-BTB |
| Debtor. | |
| AMIR NASSERI, | |
| Appellant, | |
| v. | **MEMORANDUM**[*] |
| AFSHIN TADAYON; SHELLY D. KROHN, Chapter 7 Trustee, | |
| Appellees. | |

Argued and Submitted on February 21, 2019
at Las Vegas, Nevada

Filed – April 29, 2019

Appeal from the United States Bankruptcy Court
for the District of Nevada

---

[*] This disposition is not appropriate for publication. Although it may be cited for whatever persuasive value it may have, *see* Fed. R. App. P. 32.1, it has no precedential value, *see* 9th Cir. BAP Rule 8024-1.

Honorable Bruce T. Beesley, Bankruptcy Judge, Presiding

————

Appearances:     Bob L. Olson of Snell & Wilmer L.L.P. argued for
Appellant Amir Nasseri; Matthew L. Johnson of Johnson
& Gubler, P.C. argued for Appellee Afshin Tadayon.

————

Before:     BRAND, KURTZ and TAYLOR, Bankruptcy Judges.


# INTRODUCTION[1]

Appellant Dr. Amir Nasseri appeals an order granting the debtor's motion for abandonment of the debtor's prepetition cause of action against him. Dr. Nasseri also appeals the order denying reconsideration of the abandonment order.

In October 2012, after his bankruptcy case had closed, the debtor obtained a state court judgment against Dr. Nasseri for $547,173.44. Five years later, Dr. Nasseri reopened the debtor's case so that a trustee could administer the judgment as an asset of the estate and he could work out a settlement or payment arrangement with the trustee, who could then

[1] Dr. Nasseri has moved to strike five documents Afshin submitted in his excerpts of the record and the portions of his answering brief referring to those documents. Because the documents were not presented to the bankruptcy court, we GRANT the motion to strike. *Kirshner v. Uniden Corp. of Am.*, 842 F.2d 1074, 1077 (9th Cir. 1988) ("Papers not filed with the district court or admitted into evidence by that court are not part of the clerk's record and cannot be part of the record on appeal."); *Templeton v. Milby (In re Milby)*, 545 B.R. 613, 625 (9th Cir. BAP 2016).

distribute any funds to creditors. The bankruptcy court ruled that the debtor's cause of action had either been abandoned by the former trustee during the bankruptcy case or was abandoned when the debtor's case was closed. Alternatively, the court ruled that the asset was now abandoned on the basis of laches. We AFFIRM.

## I. FACTUAL BACKGROUND AND PROCEDURAL HISTORY

### A. Prepetition events

Prior to 2009, Dr. Nasseri borrowed various sums of money from the debtor, Afshin Tadayon ("Afshin"), and Afshin's sister, Atoussa Tadayon ("Atoussa").[2] In July 2008, Dr. Nasseri memorialized the loans by signing a promissory note for $696,704.42 and agreeing to secure the debt with personal or real property he owned or any such property he may own in the future.

In March 2009, Atoussa filed suit against Dr. Nasseri in the Nevada state court, alleging that he failed to repay the loans ("State Court Action"). Among other claims, Atoussa sought judicial foreclosure on real properties she alleged secured the debt. Atoussa obtained a default judgment. Dr. Nasseri succeeded in vacating the default judgment.

Thereafter, Atoussa and Afshin filed a first amended complaint against Dr. Nasseri in December 2009, followed by a second amended

---

[2] Because the Tadayons share the same surname, we refer to them as "Afshin" and "Atoussa" to avoid any confusion. No disrespect is intended.

3

complaint in March 2010. In May 2010, Dr. Nasseri filed an answer and counterclaim for slander of title based on what he contended was a maliciously recorded lis pendens. Afshin and Atoussa filed a third amended complaint in April 2011; Dr. Nasseri filed an answer and amended counterclaim in May 2011.

## B.  Postpetition events

### 1.  Afshin files for bankruptcy

On November 1, 2010, between the filing of the second and third amended complaint, Afshin filed a chapter 7[3] bankruptcy case. He did not list the State Court Action in his Schedule B, but he did list it in his Statement of Financial Affairs ("SOFA"), identifying the court, case name and number, describing the nature of the suit as "Title to Property" and noting that the case was "open." Afshin never listed Dr. Nasseri's counterclaim in his schedules or SOFA nor did he list Dr. Nasseri as a creditor. Dr. Nasseri did not receive formal notice of Afshin's bankruptcy filing. Afshin obtained a chapter 7 discharge on February 11, 2011.

### 2.  Abandonment of the State Court Action

On September 29, 2011, chapter 7 trustee David Rosenberg filed a notice of intent to abandon the State Court Action as burdensome and of

---

[3]  Unless specified otherwise, all chapter and section references are to the Bankruptcy Code, 11 U.S.C. §§ 101-1532, all "Rule" references are to the Federal Rules of Bankruptcy Procedure, and all "Civil Rule" references are to the Federal Rules of Civil Procedure.

inconsequential value to the estate (the "Abandonment Notice"). The notice warned that if no objection was timely filed, "an order granting the requested relief may be entered by the court without further notice or hearing." Dr. Nasseri was not served with the Abandonment Notice.

No objections were filed in response to the Abandonment Notice. However, Trustee Rosenberg never submitted an affidavit of no objection or a proposed order for the court approving the uncontested abandonment, and no order was ever entered.

In April 2012, when Dr. Nasseri learned of Afshin's bankruptcy case, the parties filed a Stipulation and Order for Relief from the Discharge Injunction. Afshin and Dr. Nasseri agreed that (1) Dr. Nasseri's assertion of setoff or recoupment in the State Court Action would not violate the discharge injunction, and (2) any debts held to be owed to Dr. Nasseri in the State Court Action would be nondischargeable.

Thereafter, Trustee Rosenberg filed his final report and application for compensation. In relevant part, the final report states that "[a]ll scheduled and *known* assets" had been . . . or will be abandoned pursuant to 11 U.S.C. § 554." (Emphasis added). The bankruptcy case was closed on May 4, 2012.

### 3.    The State Court Action continues

Meanwhile, the State Court Action continued. After a six-day trial, Afshin and Atoussa obtained a judgment against Dr. Nasseri on October

10, 2012, for $547,173.44 (the "Judgment"). Dr. Nasseri was not successful on his counterclaim.

Shortly before entry of the Judgment, Dr. Nasseri moved for directed verdict. In part, he argued that Afshin lacked standing to prosecute the State Court Action because the lawsuit was an asset of his chapter 7 bankruptcy estate that was not abandoned under § 554(a) or (c). The state court denied Dr. Nasseri's motion for directed verdict.

**4.     Dr. Nasseri reopens Afshin's bankruptcy case**

Five years after entry of the Judgment, Dr. Nasseri moved to reopen Afshin's bankruptcy case, asking that a trustee be appointed to administer the alleged estate asset. Dr. Nasseri hoped to make arrangements with the trustee to compromise or to pay the Judgment over time. The bankruptcy court reopened the case. Victoria Nelson was appointed as the chapter 7 trustee.

Afshin then moved for an order of abandonment of the State Court Action and to re-close the case ("Abandonment Motion"). He argued that the State Court Action was effectively abandoned under § 554(a) with Trustee Rosenberg's filing of the Abandonment Notice without objection. Afshin claimed that Trustee Rosenberg questioned him about the State Court Action at the § 341(a) meeting of creditors. Afshin said he told Trustee Rosenberg that the case had not yet been tried and that Dr. Nasseri was living in Dubai. Alternatively, Afshin argued that the asset was

6

technically abandoned under § 554(c) when the case was closed; he disclosed it in his SOFA, at the § 341(a) meeting of creditors, and Trustee Rosenberg made a deliberate decision to abandon it.

Afshin noted that over the past five years he had expended time and money attempting to collect from Dr. Nasseri, employing attorneys both locally and in Dubai and twice bringing the matter before the Supreme Court in Dubai to have the Judgment domesticated there. Afshin maintained that, to date, neither he nor Atoussa had collected one penny of the Judgment despite their aggressive collection efforts.

Dr. Nasseri opposed the Abandonment Motion. He argued that the State Court Action was not abandoned under § 554(a) for two reasons. First, Trustee Rosenberg failed to follow proper negative notice procedures under Local Rule 9014.1(a); no order approving the abandonment was ever submitted by Trustee Rosenberg after expiration of the objection period under Local Rule 9014.1(d), nor was an order entered by the court under Local Rule 9014.1(e). Second, notice was lacking. As a creditor with his counterclaim against Afshin, Dr. Nasseri argued that he should have been served with the Abandonment Notice and was not. As a result of these errors, argued Dr. Nasseri, the asset was not abandoned under § 554(a).

Dr. Nasseri also disputed that the State Court Action was technically abandoned under § 554(c). Dr. Nasseri contended that the asset was not properly scheduled and that Trustee Rosenberg appeared to have been

given false or incomplete information about it; the State Court Action was a suit to enforce a promissory note for nearly $700,000, which was vastly different than an action affecting "Title to Property." Lastly, Dr. Nasseri asked the court to consider the equities of the case. As a resident of Dubai, Dr. Nasseri asserted that Afshin's collection activities had subjected him to the possibility of imprisonment and prevented him from traveling outside of the UAE. Trustee Nelson also opposed the Abandonment Motion, noting that the Judgment could result in a 100% dividend to Afshin's unsecured creditors.

In reply, Afshin argued that the State Court Action was not hidden from Trustee Rosenberg and that he had every opportunity to pursue it if he so desired. Afshin claimed that Trustee Rosenberg knew that the State Court Action would be difficult, and that even if he was successful, he would have to go to Dubai to collect on it. Trustee Rosenberg also knew that the claims in the State Court Action were co-owned with Atoussa, who was not in bankruptcy and was entitled to half of whatever he recovered.

Afshin also argued that laches precluded Dr. Nasseri and Trustee Nelson from claiming that the Judgment was estate property. Dr. Nasseri knew since at least September 2012, when he tried to have the State Court Action dismissed on the ineffective abandonment theory, that no order of abandonment had been entered and that the State Court Action was not disclosed in Schedule B. Despite this, Dr. Nasseri waited over five years

8

and after Afshin had spent $50,000 attempting to collect on the Judgment before he moved to reopen the bankruptcy case. Afshin argued that he justifiably relied on Trustee Rosenberg's intent to abandon and the closure of the case without administering the fully-disclosed asset in deciding to proceed against Dr. Nasseri and to spend thousands of dollars in Dubai attempting to collect on the Judgment.

5. **The bankruptcy court's ruling on the Abandonment Motion**

The bankruptcy court orally granted the Abandonment Motion, finding that Trustee Rosenberg had demonstrated an intent to abandon the State Court Action despite the lack of an order, and that Dr. Nasseri failed to take any earlier actions to set aside the abandonment. Thereafter, the court entered a written order ("Abandonment Order"), which stated that, even if the State Court Action was not properly abandoned under § 554(a), or was not technically abandoned under § 554(c), Dr. Nasseri's claims were barred by laches, and the State Court Action was now abandoned to Afshin under § 554(d) and was no longer property of the estate.

6. **The motion to reconsider**

Dr. Nasseri timely moved to alter or amend the Abandonment Order ("Motion to Reconsider"). In short, he argued that the State Court Action was not previously abandoned, and that the asset could not be abandoned

9

now under the doctrine of laches and § 554(d).[4]

### 7.    The bankruptcy court's ruling on the Motion to Reconsider

At the hearing on the Motion to Reconsider, the bankruptcy court made additional findings. It found that the State Court Action had been technically abandoned under § 554(c); the asset was sufficiently disclosed in Afshin's SOFA and it was not administered by Trustee Rosenberg. In addition, the court found that, although Trustee Rosenberg failed to submit an order approving the abandonment, his intent to abandon the asset was clearly demonstrated with the Abandonment Notice. Finally, given the long period of time that had passed since the Judgment, the court did not think it was proper for the trustee to try and bring back into the estate monies that were effectively abandoned years ago.

Dr. Nasseri timely appealed the Abandonment Order and the order denying reconsideration.

## II. JURISDICTION

The bankruptcy court had jurisdiction under 28 U.S.C. §§ 1334 and 157(b)(2)(A). We have jurisdiction under 28 U.S.C. § 158(a)(1).

////

---

[4] The newly appointed chapter 7 trustee, Shelley D. Krohn, joined the Motion to Reconsider. Sadly, Trustee Nelson had passed away. Trustee Krohn appealed the Abandonment Order just after Dr. Nasseri filed his Motion to Reconsider. The BAP suspended briefing in her appeal due to Dr. Nasseri's pending tolling motion and the forthcoming order disposing of that motion. Trustee Krohn ultimately dismissed her appeal of the Abandonment Order.

10

## III. ISSUES

1.     Did the bankruptcy court err in determining that the State Court Action was previously abandoned under § 554(a) or (c)?

2.     Did the bankruptcy court err in determining that, even if the State Court Action was not previously abandoned under § 554(a) or (c), it was abandoned to Afshin under § 554(d) on the basis of laches?

3.     Did the bankruptcy court abuse its discretion in denying the Motion to Reconsider?

## IV.  STANDARDS OF REVIEW

Whether an estate asset was abandoned is a legal conclusion we review de novo. *Killebrew v. Brewer (In re Killebrew)*, 888 F.2d 1516, 1519 (5th Cir. 1989) (observing that the bankruptcy court's decision respecting whether an asset had been abandoned under § 554(a) is a legal conclusion subject to de novo review); *Kottmeier v. United States (In re Kottmeier)*, 240 B.R. 440 (M.D. Fla. 1999) (stating that bankruptcy court's decision on whether an unscheduled asset had been abandoned under § 554(c) was a question of law because it involved the proper interpretation of § 554).

Whether the State Court Action was sufficiently scheduled is also a question of law subject to de novo review. *Bonner v. Sicherman (In re Bonner)*, 330 B.R. 880 (6th Cir. BAP 2005) (table case).

The bankruptcy court's application of the phrase "[u]nless the court orders otherwise' in § 554(c) and (d) is . . . reviewed for abuse of discretion."

11

*In re DeGroot*, 484 B.R. 311, 313 (6th Cir. BAP 2012) (citations omitted).

Denial of a motion to amend or alter judgment under Civil Rule 59(e) is reviewed for an abuse of discretion. *Dixon v. Wallowa Cty.*, 336 F.3d 1013, 1022 (9th Cir. 2003). A bankruptcy court abuses its discretion if it applies the wrong legal standard, misapplies the correct legal standard, or if its factual findings are clearly erroneous. *TrafficSchool.com, Inc. v. Edriver Inc.*, 653 F.3d 820, 832 (9th Cir. 2011).

## V. DISCUSSION

### A.    Abandonment under the Code

Section 541(a)(1) provides that property of the estate includes all legal or equitable interests of the debtor in property as of the commencement of the case. In general, causes of action existing at the time the bankruptcy petition is filed are considered property of the estate. *Sierra Switchboard Co. v. Westinghouse Elec. Corp. (In re Sierra Switchboard)*, 789 F.2d 705, 707 (9th Cir.1986). Although Afshin has referred to the State Court Action as a "potential" asset of the estate, it is undisputed that the State Court Action became property of the estate when he filed his chapter 7 bankruptcy case in November 2010.

A debtor is responsible for disclosing all assets to the bankruptcy court, including prepetition causes of action. *Cusano v. Klein*, 264 F.3d 936, 947 (9th Cir. 2001) ("Causes of action are separate assets which must be formally listed."); § 521(a)(1). When a cause of action becomes property of

12

the bankruptcy estate, the trustee appointed to administer the estate becomes the sole party with standing to bring or continue the suit, unless the cause of action is abandoned by the trustee under § 554. *See Turner v. Cook*, 362 F.3d 1219, 1225-26 (9th Cir. 2004).

"Abandonment is a term of art with special meaning in the bankruptcy context. It is the formal relinquishment of the property at issue from the bankruptcy estate." *Catalano v. C.I.R.*, 279 F.3d 682, 685 (9th Cir. 2002). Abandoned property ceases to be part of the estate and reverts to the debtor "as if no bankruptcy petition was filed [and] is *not* property administered by the estate." *Dewsnup v. Timm (In re Dewsnup)*, 908 F.2d 588, 590 (10th Cir. 1990) (emphasis in original). The burden of proof on whether an abandonment occurred is on the party asserting it. *Hanover Ins. Co. v. Tyco Indus., Inc.*, 500 F.2d 654, 657 (3d Cir. 1974); *Westphal v. Norwest Bank (In re Missouri River Sand & Gravel, Inc.)*, 88 B.R. 1006, 1010 (Bankr. D. N.D. 1988). In this case, that would be Afshin.

Section 554(a)[5] permits the trustee to abandon estate property upon a showing that it is either burdensome or of inconsequential value and

---

[5] Section 554(a) provides:

After notice and a hearing, the trustee may abandon any property of the estate that is burdensome to the estate or that is of inconsequential value and benefit to the estate.

benefit to the estate. Abandonment can also occur under § 554(c),[6] if property of the estate is properly scheduled by a debtor but not administered by the trustee by the time the case is closed. This has been characterized as a "technical abandonment." *Vasquez v. Adair (In re Adair)*, 253 B.R. 85, 88 (9th Cir. BAP 2000).

## B.    Analysis

### 1.    The State Court Action was technically abandoned under § 554(c).

The bankruptcy court held that Trustee Rosenberg had abandoned the State Court Action under § 554(a) and that it had also been technically abandoned under § 554(c). We turn first to whether the State Court Action was abandoned pursuant to § 554(c).

There are three requirements for technical abandonment under § 554(c):  (1) the asset must have been properly scheduled; (2) not administered by the trustee; and (3) debtor's case must close. If these requirements are met, technical abandonment of the asset to the debtor occurs. *See In re DeVore*, 223 B.R. at 197. However, property that is neither administered nor abandoned (including property not properly scheduled that was never administered) remains property of the estate. § 554(d).

_____

[6]  Section 554(c) provides:

Unless the court orders otherwise, any property scheduled under section 521(a)(1) of this title not otherwise administered at the time of the closing of a case is abandoned to the debtor and administered for purposes of section 350 of this title.

14

The parties agree that Trustee Rosenberg had not administered the State Court Action as of the close of the case in May 2012. The parties dispute, however, whether it was properly scheduled. Afshin did not disclose the State Court Action in Schedule B of his Schedules of Assets and Liabilities. However, he did disclose it in Question 4 of his SOFA. Dr. Nasseri argues that listing an asset in the SOFA does not satisfy § 554(c)'s requirement that property be "scheduled under section 521(a)(1)", meaning that it must be listed in the Schedules of Assets and Liabilities to be abandoned under § 554(c).

While the Ninth Circuit has not ruled on the question of whether a debtor's disclosure of an asset in the SOFA but not in the Schedules of Assets and Liabilities precludes abandonment under § 554(c), several courts have taken a strict approach, determining that the word "scheduled" in § 554(c) has been given a specific meaning in § 521(a)(1), and refers only to assets listed in the debtor's Schedules of Assets and Liabilities. *See Ashmore v. CGI Grp. Inc.*, 2016 WL 2865153, at *4 (S.D.N.Y. May 9, 2016) (for property to be "scheduled" within the meaning of § 554(c), it must be listed in the schedules; listing property in SOFA is insufficient) (citing *Ayazi v. N.Y.C. Bd. of Educ.*, 315 F. App'x 313 (2d Cir. 2009)); *Swindle v. Fossey (In re Fossey)*, 119 B.R. 268, 272 (D. Utah 1990) (cause of action listed in debtor's SOFA but not in schedules was not "scheduled" under § 521(a)(1) and thus was not abandoned under § 554(c)); *In re Winburn*, 167 B.R. 673, 676 (Bankr.

15

N.D. Fla. 1993) (cause of action listed only in debtor's amended SOFA filed one year into bankruptcy case and never disclosed in schedules was not abandoned under § 554(c), regardless of trustee's or any creditor's knowledge of the asset before the case closed); *In re McCoy*, 139 B.R. 430, 431 (Bankr. S.D. Ohio 1991) (no abandonment despite trustee's knowledge of the asset since debtor did not list it in her schedules); *In re Schmid*, 54 B.R. 78, 80 (Bankr. D. Or. 1985) (no abandonment where debtor made ambiguous disclosures in SOFA and schedules and concealed information about the lawsuit from trustee at the § 341(a) meeting of creditors); *In re Harris*, 32 B.R. 125, 127 (Bankr. S.D. Fla. 1983) (reference to partnership in SOFA was insufficient to schedule debtor's interest in mortgages held by partnership); *In re Medley*, 29 B.R. 84, 86 (Bankr. M.D. Tenn.1983).

On the other hand, some courts have not been as strict in interpreting the meaning of "scheduled" in § 554(c), holding that assets are scheduled if listed in the SOFA. *See U.S. ex. rel. Fortenberry v. The Holloway Grp., Inc.*, 515 B.R. 827, 829 (W.D. Okla. 2014) (holding that the word "scheduled" in § 554(c) refers to both the SOFA and Schedules of Assets and Liabilities; debtor's disclosure of lawsuit only in his SOFA satisfied § 554(c) and was abandoned when case closed); *In re Hill*, 195 B.R. 147, 150-51 (Bankr. D. N.M. 1996) (holding that prepetition lawsuit listed on SOFA but not on schedules was abandoned upon closure of the case, given that trustee was aware of the lawsuit, had inquired about it at the § 341(a) meeting of

creditors, and had demonstrated an intent to abandon it in his Report of No Distribution and Notice of Abandonment of Assets).

As the bankruptcy court in *Hill* observed, the cases which conclude that only those assets properly listed in the Schedules of Assets and Liabilities can be abandoned under § 554(c) involve "a compelling fact situation, which, in equity, presses for a decision *against* allowance of an implied abandonment." 195 B.R. at 150 (emphasis in original). In many of these cases, the debtor was not acting in good faith or the trustee had completely shirked his or her duties.

In *Orton v. Hoffman (In re Kayne)*, 453 B.R. 372 (9th Cir. BAP 2011), we affirmed the bankruptcy court's ruling sanctioning the debtor's attorney under Rule 9011. The attorney listed the debtor's "action on a promissory note" in the SOFA but did not list it in the schedules. As part of his defense, the attorney argued that his listing of the lawsuit in the SOFA was sufficient information for the trustee to perform his duties, and that it had been abandoned by the trustee under § 554(c) when the case was closed. The bankruptcy court disagreed, holding that listing the lawsuit in the SOFA was not the same as scheduling it for purposes of § 554(c). We affirmed, holding that the attorney's act of listing the lawsuit did not result in its abandonment. *Id.* at 385.

Similarly, in *Pretscher-Johnson v. Aurora Bank, FSB*, 2017 WL 2779977, at *5 (9th Cir. BAP May 31, 2017), we held that the debtor's disclosure of a

17

"Quiet Title" action without a value in her SOFA was not sufficient to trigger an automatic abandonment under § 554(c). "Mentioning an asset in the statement of financial affairs is not the same as scheduling it for purposes of abandonment under § 554(c)." *Id.* (citing *In re Kayne*, 453 B.R. at 384, and *In re McCoy*, 139 B.R. at 431).

Much like the cases discussed above, *Kayne* and *Pretscher-Johnson* involved debtors who were not proceeding in good faith. In *Kayne*, the debtor had grossly misrepresented the value of the asset to the trustee at the § 341(a) meeting of creditors, which prompted the trustee to conclude that it was of no value to the estate. 453 B.R. at 383-84. Further, her attorney had knowingly and intentionally failed to list the lawsuit (and related prepetition payments therefrom) in the schedules. *Id.* In *Pretscher-Johnson*, the debtor engaged in gamesmanship, and nothing in the record demonstrated that the trustee had any knowledge of her claims prior to closing the case.

However, this case presents some unique facts that distinguish it from *Kayne* and *Pretscher-Johnson*. Regardless of whether Afshin had to list the State Court Action in his Schedule B for it to be deemed abandoned under § 554(c) when his case closed, or whether listing it in the SOFA was enough for that purpose, the trustee here filed a notice of intent to abandon, stating that the asset was burdensome and of inconsequential value to the estate. Trustee Rosenberg questioned Afshin about the State

18

Court Action at the § 341(a) meeting of creditors. Although Dr. Nasseri asserts that Afshin was not truthful about what claims were being litigated or the value of the asset, nothing in the record supports this. What we do know is that Trustee Rosenberg conducted an investigation into the State Court Action before making the deliberate decision to abandon it from the estate. Despite the lack of an order, Trustee Rosenberg's intent to abandon the State Court Action was clear and unequivocal.[7] The entire question of "scheduled" property becomes academic where, as here, the Abandonment Notice specifically abandoned the State Court Action. *See In re Hill*, 195 B.R. at 151. Trustee Rosenberg's final report, stating that all scheduled and *known* assets had been or would be abandoned, is further evidence of his intent to abandon it. *See id.*

Therefore, under these facts, we conclude that the requirements for abandonment under § 554(c) were met and that the State Court Action was abandoned to Afshin in 2012. *In re DeVore*, 223 B.R. at 197. While Dr. Nasseri did not receive notice of Trustee Rosenberg's intent to abandon under § 554(a), a technical abandonment under § 554(c) does not require

---

[7] Dr. Nasseri argues that the Abandonment Notice was deemed withdrawn under the Local Rule in effect at the time because Trustee failed to submit an order within 35 days. In 2011, Local Rule 9021 provided that "[u]nless otherwise ordered, if no Order is submitted within thirty-five (35) days of a *hearing*, the motion or other matter will be deemed withdrawn." (Emphasis added). Because there was no "hearing" in this case, we fail to see how that rule would apply.

notice. *See* Rule 6007,[8] advisory committee notes: "This rule does not apply to § 554(c)."; *DeVore v. Marshack (In re DeVore)*, 223 B.R. 193, 197 (9th Cir. BAP 1998)).

Dr. Nasseri knew of Afshin's bankruptcy case in April 2012, shortly before the case closed on May 4, 2012. Thus, he had a window of opportunity, albeit a small one, to prevent the State Court Action from being abandoned to Afshin, even if Trustee Rosenberg had not already effectively abandoned it under § 554(a). But more importantly, the April 2012 Stipulation demonstrates that Dr. Nasseri was well aware of, and apparently unconcerned with, Afshin's pursuit of the State Court Action. Significantly, he and Afshin agreed that Dr. Nasseri could assert setoff and recoupment without violating the discharge injunction and that any debts determined to be owed to Dr. Nasseri would be excepted from discharge. Accordingly, we perceive no error by the bankruptcy court.[9]

---

[8] Rule 6007(a) sets forth the procedural requirements for the trustee (or debtor in possession) to effectuate an abandonment of an estate asset under § 554(a), which includes providing notice to all creditors.

[9] Because we determine that the bankruptcy court did not err in holding that the State Court Action was abandoned pursuant to § 554(c), we do not determine whether abandonment was proper under § 554(a). We note that the issue raised, whether an order is required to effect an uncontested abandonment by the trustee under § 554(a), has not been addressed by either the Ninth Circuit Court of Appeals or this Panel. Neither § 554(a) nor Rule 6007(a) require an order for a trustee's abandonment to be effective. The Local Rules for the District of Nevada Bankruptcy Court clearly contemplate that an order will be submitted by the trustee and entered by the court. *See*

(continued...)

## 2. The State Court Action could be deemed abandoned under § 554(c) and (d).

Even if the State Court Action was not abandoned when the case was closed, the bankruptcy court could deem it abandoned to Afshin because "the prefatory language of § 554(c), 'unless the court orders otherwise, indicates that courts have discretion to *affect* or prevent technical abandonment simply by ordering otherwise." *In re DeVore*, 223 B.R. at 198 (emphasis added); *In re DeGroot*, 484 B.R. at 320. And, because the same phrase appears in § 554(d), the court's discretion to affect or prevent abandonment of estate property would be the same. *In re DeGroot*, 484 B.R. at 320. The court's discretion to "order otherwise" to affect or prevent a technical abandonment is not limited to the period prior to case closure. *In re DeVore*, 223 B.R. at 198.

Although the bankruptcy court opted for a laches theory, it is clear that the equities weighed in favor of allowing the court to now "order

---

[9](...continued)
Local Rule 9014.1(a)(4), (d), (e). Courts have differed on whether an order is required. *See, e.g. In re Lamont*, No. 04-62709 (Bankr. W.D. Mo. filed June 9, 2005) (no court order is necessary for a trustee's abandonment to be effective); *but see Steyr-Daimler-Puch of Am. Corp. v. Pappas*, 852 F.2d 132, 136 (4th Cir. 1988) ("[B]efore the debtor or a creditor may pursue a claim, there must be a judicial determination that the trustee in bankruptcy has abandoned the claim."). *See also* 10 *Collier on Bankruptcy* ¶ 6007.02[a] (Alan N. Resnick & Henry J. Sommer, eds. 16th ed. 2012) (while neither § 554(a) nor Rule 6007(a) requires entry of a court order implementing the trustee's decision to abandon, the better procedure is to enter an uncontested order approving the abandonment).

otherwise" the State Court Action abandoned. *See In re DeGroot*, 484 B.R. at 321-22. Afshin disclosed the State Court Action in his SOFA, at least with enough detail so any interested party could investigate. Trustee Rosenberg questioned him about the asset at the § 341(a) meeting of creditors and chose to abandon it. His final report further shows his intent to abandon it. Although Dr. Nasseri was not served with the Abandonment Notice, he was aware of the bankruptcy case before it closed, and that Afshin would be prosecuting the State Court Action, presumably with Trustee Rosenberg's blessing. Dr. Nasseri did not seek any relief from the bankruptcy court until five years after Afshin's case had closed and only after the Judgment had been entered against him and Afshin had instituted collection efforts in Dubai. By that time, Afshin had spent $50,000 trying to collect on the Judgment from Dr. Nasseri. Accordingly, the bankruptcy court did not abuse its discretion in ordering that the State Court Action was abandoned under § 554(d).

Dr. Nasseri argues that, before the bankruptcy court could grant relief to Afshin under § 554(d), it had to engage in the material inquiry of whether the State Court Action was burdensome or of inconsequential value to the estate. In support, he cites *Johnston v. Weber (In re Johnston)*, 49 F.3d 538, 540 (9th Cir. 1995). However, the issue in that case was whether the trustee had met his burden under § 554(a) to show that the asset was burdensome or of inconsequential value and benefit to the estate. We could

not locate any authority to support Dr. Nasseri's argument that this same inquiry had to be done for an abandonment under § 554(d).

### 3. The bankruptcy court did not abuse its discretion in denying the Motion to Reconsider.

Under Civil Rule 59(e), the bankruptcy court may reconsider a previous order or judgment, but only if: (1) it is presented with newly discovered evidence that was not available at the time of the original hearing; (2) it committed clear error or made an initial decision that was manifestly unjust; or (3) there is an intervening change in controlling law. *Fadel v. DCB United LLC (In re Fadel)*, 492 B.R. 1, 18 (9th Cir. BAP 2013).

Dr. Nasseri advances no argument for why the bankruptcy court abused its discretion in denying the Motion to Reconsider. Consequently, this issue is deemed waived. *See Padgett v. Wright*, 587 F.3d 983, 985 n.2 (9th Cir. 2009) (per curiam). Even if we did consider it, we see no grounds supporting reconsideration of the Abandonment Order.

## VI. CONCLUSION

For the reasons stated above, we AFFIRM.